65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy Neil LOMAX, aka Ahad Hasan, Defendant-Appellant.
 No. 93-30131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tracy Neil Lomax (aka Ahad Hasan) appeals his conviction and 78-month sentence. Following a jury trial, Lomax was convicted of distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1). Pursuant to Anders v. California, 386 U.S. 738 (1967), Lomax's counsel submitted a brief stating that she finds no meritorious issues for review. Counsel also filed a motion to withdraw as counsel of record. Lomax has filed a supplemental pro se brief.
 
 
 3
 The only issue counsel identifies is whether the admission of a bodywire recording violated the Confrontation Clause. The bodywire recording contained conversations between the informant, Scott Tredwell, and individuals known as "Dondre" and "Anthony." The district court properly admitted the conversations as co-conspirator statements under Fed.R.Evid. 801(d)(2)(E). See United States v. Arambula-Ruiz, 987 F.2d 599, 607-08 (9th Cir.1993) (affirming district court's admission of co-conspirator statements made during and in furtherance of conspiracy). Accordingly, the admission of the recording did not violate the Confrontation Clause. See Bourjaily v. United States, 483 U.S. 171, 183-84 (1987); Arambula-Ruiz, 987 F.2d at 607.
 
 
 4
 In his pro se supplemental brief, Lomax raises three issues. First, he contends that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding impeachment evidence concerning informant Tredwell; Lomax contends that after trial he discovered law enforcement officers "allowed Mr. Treadwell [sic] to keep [g]rams of [c]ocaine at times." Assuming the truth of Lomax's allegations, this evidence was not material; there is no reasonable probability that this evidence would have undermined confidence in the outcome of the trial. See Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995); United States v. Baker, 10 F.3d 1374, 1398 (9th Cir.1993) (explaining that reversal for a discovery violation is only required if district court abuses its discretion and error results in prejudice to defendant's substantial rights), cert. denied, 115 S.Ct. 330 (1994).
 
 
 5
 Second, Lomax contends that the prosecutor committed misconduct during his closing argument by expressing personal beliefs concerning the case and by appealing to the passions of the jurors; Lomax contends that the prosecutor vouched for the credibility of two witnesses and urged the jury to protect community values by convicting Lomax. The prosecutor did not vouch for the credibility of either Scott Tredwell or Nick Chaney because he was merely responding to statements made by defense counsel during closing argument. See Darden v. Wainwright, 477 U.S. 168, 181 (9th Cir.1986) (prosecutor's comments must be place in context of entire trial); United States v. Molina, 934 F.2d 1440, 1445 n. 4 (9th Cir.1991) (prosecutor's statements during rebuttal argument may be acceptable as invited responses). Although the prosecutor appeared to urge the jury to convict Lomax by sending a message that crack cocaine will not be tolerated, defense counsel objected and the district court sustained the objection. Viewed in the context of the entire proceeding, the prosecutor's comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. See Darden, 477 U.S. at 181; United States v. Koon, 34 F.3d 1416, 1443, 1446 (9th Cir.1994), petition for cert. filed, 63 U.S.L.W. 3756 (U.S. Apr. 10, 1995) (No. 94-1664).
 
 
 6
 Third, Lomax challenges the sufficiency of the evidence to sustain his conviction. The evidence, viewed in the light most favorable to the prosecution, supports the inference that Lomax distributed cocaine base. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence showed that Lomax negotiated the transaction with Tredwell, left to obtain crack cocaine, returned in his car with a passenger, and the passenger delivered crack cocaine to Tredwell in exchange for money. This evidence was sufficient to sustain Lomax's conviction at least as an aider and abettor, if not a principal. See id.; United States v. Lennick, 18 F.3d 814, 819 (9th Cir.) (explaining that circumstantial evidence and inferences drawn from it may be sufficient to sustain conviction), cert. denied, 115 S.Ct. 162 (1994).
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Accordingly, the motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3