132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracy Neil LOMAX, a/k/a Ahaad Hasan, Defendant-Appellant.
 No. 97-30021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1997.
Decided Dec. 9, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CR-92-00158-REJ; James A. Redden, District Judge, Presiding.
 
 
 2
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Tracy Neil Lomax appeals the district court's denial of his motion for a new trial challenging his jury conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 5
 Lomax has not established that a Brady violation occurred in this case. Brady v. Maryland, 373 U.S. 83 (1963). Establishing a Brady violation requires proof that: (1) the material at issue was exculpatory; (2) the material was not produced when it should have been; and (3) the failure to produce in a timely manner mattered to the outcome--that there was a reasonable probability that had it been timely disclosed, the result would have been different. United States v. Steinberg, 99 F.3d 1486, 1489 (9th Cir.1996); United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir.), cert. denied, 116 S.Ct. 383 (1995).
 
 
 6
 Lomax's showing was insufficient on all three elements. The government fully informed Lomax of all monies paid to Tredwell before trial. Moreover, there can be no Brady violation with regard to the $10,000 reward because Tredwell was unaware of that potential reward at the time of trial. See Willhoite v. Vasquez, 921 F.2d 247, 249-50 (9th Cir.1990). Finally, reading the record as a whole, it is clear that both Lomax and the jury had sufficient evidence regarding Tredwell's questionable character. Despite this evidence, the jury convicted Lomax. Lomax has not suggested, nor can we find, how the government's failure to disclose additional future payments to Tredwell had any bearing on the outcome of this case.
 
 
 7
 Similarly, Lomax is not entitled to a new trial as the result of newly discovered evidence. This court has held that a defendant is entitled to a new trial if:
 
 
 8
 (1) the evidence is newly discovered and was unknown to [him] at the time of trial, (2) the evidence is material, not merely cumulative or impeaching, (3) the evidence will probably produce an acquittal, and (4) failure to learn of the evidence sooner was not due to a lack of diligence.
 
 
 9
 United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 
 10
 Lomax's new evidence does not satisfy this test. Since Lomax knew before trial that Tredwell received almost $50,000, evidence regarding an additional $12,000 paid after trial is merely cumulative. Although we can imagine a case where new evidence regarding unreported payments to an informant could be "so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible," United States v. Davis, 960 F.2d 820, 825 (9th Cir.1992), that is not the case here. Considering that the jury already knew that Tredwell had received $50,000 and that he was essentially a professional informant, this additional sum of money is insufficient to make it a material issue.
 
 
 11
 Moreover, as discussed above, Lomax has presented no evidence to suggest why the admission of this evidence would probably produce an acquittal. Accordingly, we find that the district court correctly concluded that Lomax's newly discovered evidence was not material and did not independently warrant a new trial.
 
 
 12
 AFFIRMED.
 
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3