**UNITED STATES of America,
Plaintiff,**

v.

**Tracy Neil LOMAX, Defendant.**

**No. CR 92–158–1–JO.**

United States District Court,
D. Oregon.

Feb. 3, 2000.

Gary Y. Sussman, Assistant United States Attorney, District of Oregon, United States Attorney's Office, Portland, OR, for Plaintiff United States of America.

Tracy Neil Lomax, Lompoc, CA, Defendant Pro Se.

### ORDER

ROBERT E. JONES, District Judge.

This matter is before me on motion of defendant Tracy Neil Lomax to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (# 106), filed January 7, 1999. Because the motion is untimely and the parties' submissions conclusively show that defendant is entitled to no relief, the motion is denied without an evidentiary hearing.

### PROCEDURAL HISTORY

In April 1992, defendant was indicted on one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Following a jury trial in November 1992, the jury returned a verdict of guilty. Defendant was sentenced on March 5, 1993. The judgment of conviction was entered on March 10, 1993 (# 54), and affirmed on direct appeal by the Ninth Circuit in an unpublished memorandum disposition filed August 23, 1995. *United States v. Lomax,* 65 F.3d 177 (Table), 1995 WL 501505 (9th Cir.1995).

On January 11, 1996, defendant filed a motion for a new trial. On October 25,

1996, defendant filed a supplemental motion for a new trial. Judge Redden denied both motions on December 12, 1996, and that ruling also was affirmed on appeal. *United States v. Lomax*, 132 F.3d 41 (Table), 1997 WL 759138 (9th Cir.1997).

On August 5, 1998, defendant filed a document he titled "Audita Querela Motion to the Ninth Circuit District Court," in which he sought an order vacating his indictment and/or his conviction based on the court's alleged lack of jurisdiction. By order dated September 29, 1998, this court denied the motion (# 103), and on November 4, 1998, denied what was construed to be a motion for reconsideration (# 104).

On January 7, 1999, defendant filed the pending § 2255 motion,[1] in which he asserts two grounds for relief: (1) because the government paid a co-conspirator/informant (Tredwell) for his services, his testimony should have been suppressed; and (2) trial counsel was ineffective in failing to move to suppress Tredwell's testimony. In response, the government contends that defendant's motion is both untimely and successive, and in any event fails on the merits.

## DISCUSSION

The government first contends that the present motion is a second or successive motion and is barred because defendant did not and cannot obtain the certification required by § 2255. The government's argument is based on this court's earlier decision to construe defendant's "Audita Querela" motion as a § 2255 motion. That decision turned, in part, on defendant's failure to identify the authority under which he brought the motion. *See* Order (Sept. 29, 1998)(# 103).

■ The Ninth Circuit recently questioned whether the common law writ of audita querela "survives at all," particularly with § 2255 available to challenge the lawfulness of a conviction. *Doe v. I.N.S.*, 120 F.3d 200, 204 and n. 5 (9th Cir.1997). Although I believe the decision to recharacterize defendant's audita querela motion was appropriate when made,[2] I agree with the Third Circuit's recent observation, in *U.S. v. Miller*, 197 F.3d 644 (3rd Cir.1999), that because of the sharp limitations on second or successive petitions imposed by the Antiterrorism Effective Death Penalty Act ("AEDPA"), courts should, at the very least, be reluctant to recharacterize a pro se prisoner's poorly drafted post-conviction motion as a § 2255 motion without first advising the prisoner of the potential effect. *See U.S. v. Miller*, 197 F.3d at 646; *see also Adams v. U.S.*, 155 F.3d 582, 583–84 and n. 2 (2nd Cir.1998)(in dealing with a possible recharacterization, district judges must be sensitive to problems arising under the AEDPA). Consequently, although I decline to revisit the characterization of defendant's earlier motion, I also decline to find that the present motion is successive within the meaning of § 2255.

■ Nevertheless, I agree with the government that defendant's present § 2255 motion is time-barred. The AEDPA one-year limitation period applies to defendant's § 2255 motion, which he filed after the AEDPA's effective date of April 24, 1996. *U.S. v. Valdez*, 195 F.3d 544, 546 (9th Cir.1999). Although § 2255(1) provides that the limitations period runs from the date a prisoner's conviction becomes final, those prisoners whose convictions became final before the effective date of the AEDPA "had a one-year period from its effective date, *i.e.*, until April 23, 1997, to file timely motions under § 2255(1)." *Valdez*, 195 F.3d at 546 (*citing Tworivers v. Lewis*, 174 F.3d 987, 996 n. 7 (9th Cir.

---

**1.** In a letter dated December 31, 1998 (# 107), defendant explained that he first submitted his motion to the Bureau of Prisons–Lompoc on December 9, 1998, but that it was returned to him due to an incorrect address on December 28, 1998. He then resubmitted it for filing.

**2.** In *Adams v. U.S.*, 155 F.3d 582, 583 (2nd Cir.1998), the Second Circuit noted that district courts routinely convert motions of prisoners who unsuccessfully seek relief under some other provision of law to motions under § 2255, then address them accordingly.

1999)). In this case, because defendant's conviction became final before the effective date of the AEDPA, he had until April 23, 1997, to file the present motion. Because he did not even attempt to file it until December 1999, he cannot benefit from the one-year grace period. *Valdez,* 195 F.3d at 546. Moreover, defendant has not pointed to any applicable exception to the one-year limitation period that would permit his petition to be considered.

I find, therefore, that defendant's motion is time-barred and that he is not entitled to an evidentiary hearing. Although I do not reach the merits of defendant's motion, I note that his primary argument, that the government violated 18 U.S.C. § 201(c)(2) in paying for Tredwell's services, has been firmly rejected by circuits that have considered it. *See U.S. v. Singleton,* 165 F.3d 1297 (10th Cir.1999)(en banc); *U.S. v. Mattarolo,* 191 F.3d 1082, 1089 (9th Cir.1999)(rejecting same argument); *see also U.S. v. Flores,* 172 F.3d 695, 700 (9th Cir.1999)(collecting cases).

## CONCLUSION

Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.