# United States Court of Appeals
## For the First Circuit

No. 99-2359

BRUCE T. RAINERI,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Boudin and Stahl,

Circuit Judges.

Tina Schneider, by appointment of the court, for appellant.
Peter E. Papps, Assistant United States Attorney, with whom
Paul M. Gagnon, United States Attorney, was on brief, for
appellee.

December 1, 2000

**SELYA, Circuit Judge.** The federal courts historically have been solicitous of the rights of pro se litigants. E.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Prou v. United States, 199 F.3d 37, 42 (1st Cir. 1999). As part and parcel of that solicitude, courts frequently have recharacterized inartfully drawn pleadings to assist pro se prisoners who mistakenly relied on inappropriate rules or statutes. The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (codified in scattered sections of 28 U.S.C.) altered the dynamics of this entrenched practice in respect to post-conviction motions in criminal cases. Under AEDPA, a prisoner, whether federal or state, retains the right to press a first petition for a writ of habeas corpus — but second or successive petitions may be pressed only under very limited circumstances. See 28 U.S.C. §§ 2255, 2244(b). This change in the law raised the stakes attendant to recharacterizing a post-conviction motion as a habeas petition: conversion, though initially meant to guide a prisoner through the thicket of legal technicalities, suddenly had the potential to deprive him of his one full and fair opportunity to seek habeas relief.

This appeal requires us to answer a pointed question: When a district court, acting sua sponte, recharacterizes a

federal prisoner's post-conviction motion as a section 2255 petition, <u>see</u> 28 U.S.C. § 2255,[1] does that action render the prisoner's later attempt to file a section 2255 petition a second or successive petition within the purview of the AEDPA amendments?  This is an unanswered query in this circuit, but one that has divided the courts of appeals elsewhere.  <u>Compare</u> <u>United States</u> v. <u>Miller</u>, 197 F.3d 644, 652 (3d Cir. 1999) (holding that if a district court chooses to recharacterize a pro se prisoner's post-conviction motion as a habeas petition, it first must take prophylactic measures to warn the prisoner of the consequences of the conversion under AEDPA and give him the opportunity to withdraw the pleading), <u>and</u> <u>Adams</u> v. <u>United States</u>, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam) (similar), <u>with</u> <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir. 1996) (per curiam) (applying AEDPA's "second or successive" requirements to bar relief when the district court had construed a pro se prisoner's prior pleading as a section 2255 petition).  We take a view similar to, but more narrowly confined than, the <u>Miller</u> and

---

[1]In terms, 28 U.S.C. § 2255 speaks of a "motion" rather than a "petition," yet the latter word is more commonly used to describe the vehicle by which a person held in custody seeks post-conviction relief. Accordingly, we use the term "petition" throughout this opinion in order to avoid confusion.  By the same token, we use the phrases "section 2255 petition," "habeas petition," and "petition for post-conviction relief" interchangeably.

Adams courts.  In the end, we reverse the order of dismissal and remand for further proceedings.

# I.

## Background

On April 6, 1992, a federal grand jury in the District of New Hampshire indicted petitioner-appellant Bruce T. Raineri for conspiring to obstruct commerce by robbery involving force or violence, using or carrying a firearm in connection with that conspiracy, and being a felon in possession of a firearm.  See 18 U.S.C. §§ 1951, 924(c)(1), 922(g).  The petitioner pled guilty to all three charges on June 17, 1992.  He tried to withdraw his plea twice thereafter.  Both efforts failed (although the government did agree to dismiss the felon-in-possession count).

On September 27, 1993, the district court (Devine, J.) sentenced the petitioner to a ten-year incarcerative term, to be followed by a five-year term of supervised release.  The court also ordered the petitioner to make restitution and pay a $100 special assessment.  The petitioner appealed, alleging that his guilty plea was not knowing, voluntary, or properly informed. We found the change-of-plea hearing to have been contaminated by

"a set of mistakes." United States v. Raineri, 42 F.3d 36, 40 (1st Cir. 1994). We nonetheless concluded that those bevues were harmless and that the district court acted within its discretion in denying the petitioner's serial motions to withdraw his plea. Id. at 42-44. Accordingly we affirmed the conviction and sentence (in the process rejecting the petitioner's quest for a downward departure).[2] Id. at 44. The United States Supreme Court thereafter denied certiorari. 515 U.S. 1126 (1995).

On January 22, 1996, the petitioner, acting pro se, filed what he termed a "Motion for Correction of Sentence and/or New Trial." He brought the motion "pursuant to Fed. R. Crim. P. Rule 35 and/or Rule 33" and alleged that the government's proffer at the change-of-plea hearing had been insufficient as a matter of law in respect to the firearms count under a newly-decided Supreme Court case, Bailey v. United States, 516 U.S. 137 (1995). On July 11, 1996, Judge Devine, acting sua sponte, found Rules 33 and 35 inapplicable, but recharacterized the petitioner's motion as an application for post-conviction relief

---

[2]We did, however, remand to clarify an ambiguity as to whether the dismissal of the felon-in-possession count operated with prejudice. Raineri, 42 F.3d at 43. On remand, the district court satisfactorily resolved that uncertainty.

-6-

under 28 U.S.C. § 2255. The judge then denied the recharacterized motion on the merits.

The petitioner promptly filed a notice of appeal. We treated the notice as an application for a certificate of appealability, see 28 U.S.C. § 2253(c), found it meritless, and terminated the erstwhile appeal.[3] The petitioner again sought certiorari, but to no avail. 522 U.S. 879 (1997).

On April 21, 1997, the petitioner, still appearing pro se, filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence." This motion raised a plethora of claims, including prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and an assortment of supposed errors attributable to the district court. The petitioner supplemented this pleading on several occasions, endeavoring to add more issues.

The 1997 habeas petition languished for over two years, due in part to the untimely death of Judge Devine. Eventually, however, the file was reassigned to Judge McAuliffe. On July 26, 1999, the government responded for the first time to the petitioner's pleadings, alleging, inter alia, that the pending section 2255 petition was Raineri's second such petition, and

---

[3]The petitioner filed several other motions in connection with his appeal. For present purposes, those motions are immaterial and we need not dwell on the details.

-7-

that he had failed to receive the requisite authorization from the court of appeals to proceed with a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); see also Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997) (discussing statutory regime), cert. denied, 523 U.S. 1123 (1998). The petitioner replied that he had no need to go through the authorization procedure because the pending petition constituted his first such filing.

On December 8, 1999, Judge McAuliffe resolved this dispute in the government's favor. He ruled, in substance, that the recharacterized 1996 motion counted as a habeas petition for AEDPA purposes, and that, therefore, the pending petition was a second petition under the statute. On this basis, he held that the district court lacked jurisdiction to consider the petition and transferred the matter to this court to determine whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c).

At our direction, the petitioner prepared an application for leave to file a second or successive petition. At the same time, he renewed his asseveration that the pending petition actually was his first, and that he needed no special authorization to proceed in the district court. Recognizing the subtlety of the problem, we authorized the appointment of

-8-

counsel for the petitioner on April 14, 2000, and ordered the parties to brief the question of whether sua sponte recharacterization of an earlier motion as a section 2255 petition can trigger AEDPA's "second or successive" requirements. It is to that question that we now turn.

## II.

### Discussion

AEDPA, which took effect on April 24, 1996, imposes substantial procedural restrictions on second or successive habeas petitions. Of particular relevance here, AEDPA incorporates by reference in section 2255 the same screen that it makes applicable to second or successive habeas petitions prosecuted on behalf of state prisoners: it requires a federal prisoner, before prosecuting a second or successive habeas petition in the district court, to obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255). In turn, AEDPA directs the court of appeals to exercise this gatekeeping power sparingly, in conformity with a rigorous set of substantive standards. See Pratt, 129 F.3d at 60-63 (discussing statutory provision and concomitant standards). Despite the fact that the petitioner's initial Rule 33/Rule 35 motion in this case was filed before

-9-

AEDPA's effective date, it nonetheless has the capacity to trigger the new requirements for second or successive petitions. See id. at 60 (holding that if a prisoner filed a section 2255 petition prior to AEDPA's effective date and thereafter lost on the merits, then a subsequent section 2255 petition, filed after AEDPA's effective date, must satisfy the procedural strictures that AEDPA attaches to second or successive habeas petitions). The question, then, reduces to whether a pro se petitioner's recharacterized pleading should be deemed a habeas petition for AEDPA purposes.

The Fifth Circuit answered this question affirmatively in Tolliver, 97 F.3d at 90. But that answer seems to lead to a perverse result: a judge who strives to balance the scales of justice by construing pro se prisoner pleadings liberally risks precluding the pleader from any opportunity to litigate potentially meritorious constitutional claims. Mindful of this anomaly, the Second Circuit, in Adams, 155 F.3d at 584, and the Third Circuit, in Miller, 197 F.3d at 652, have answered similar questions in the negative. Withal, the Adams court embellished its answer by imposing a limitation on the ongoing authority of the district courts. It declared that:

> [D]istrict courts should not recharacterize
> a motion purportedly made under some other
> rule as a motion made under § 2255 unless
> (a) the movant, with knowledge of the

-10-

> potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584. Miller advocated a nearly identical rule. 197 F.3d at 652.

With respect, we believe that Adams and Miller sweep more broadly than the exigencies of this situation require. Those decisions not only ameliorate the problem but also burden the district courts with a new protocol. We are reluctant to emulate that example. After all, there are times, even after AEDPA, when recharacterization will be to a pro se litigant's benefit, or in the interests of justice, or otherwise plainly warranted. Consequently, we do not think that we should discourage overburdened district courts from pursuing a sometimes useful practice by forcing them to jump through extra hoops. Doing so might well result in losing the baby along with the bath water.

In any event, the problem presented in cases like this can be resolved without risking such unfortunate consequences. "The phrase 'second or successive petition' is a term of art," designed to avoid abuse of the writ. Slack v. McDaniel, 120 S.

Ct 1595, 1605 (2000). Thus, not every post-conviction motion, nor even every habeas petition, furnishes the foundation for treating a subsequent habeas petition as "second or successive." E.g., id. (holding that a habeas petition dismissed for want of exhaustion cannot serve as a basis for subsequently invoking the "second or successive" requirements); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (holding to like effect with regard to a habeas petition dismissed as premature). Along these lines, we do not believe that a pro se pleading which is neither denominated as a habeas petition nor substantially equivalent to a habeas petition can function as a proper predicate for purposes of the "second or successive" regime merely because the trial court, acting without advance notice to, or the informed consent of, the pleader, spontaneously recharacterizes it as a habeas petition. We hold, therefore, that when a district court, acting sua sponte, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard (or in the alternative, the pleader's informed consent), the recharacterized motion ordinarily will not count as a "first" habeas petition sufficient to trigger AEDPA's gatekeeping requirements.

This holding disposes of the instant appeal. The petitioner's original motion was not premised upon section 2255 at all, but, rather, upon Rules 33 and 35. Having dictated the terms of engagement, the petitioner was entitled to have his motion decided as he had framed it.[4] The district court could not, without the petitioner's informed consent, transmogrify that motion into a habeas petition sufficient to extinguish the petitioner's one clear chance at habeas relief under AEDPA. For that reason, the district court should have treated the instant application as a "first" habeas petition.

Let us be perfectly clear. We do not doubt that the district court, in recharacterizing the petitioner's pleading, was endeavoring to treat a pro se litigant fairly. We applaud that solicitude. But, because the court acted sua sponte and without any advance notice to the petitioner, we cannot treat the earlier pleading as a "first" habeas petition for AEDPA purposes. It follows inexorably that the district court erred in deeming the current pleading a "second or successive" habeas petition.

---

[4]The motion, as submitted, was a losing proposition. Rule 33 was inapplicable because the petitioner's conviction did not follow a trial, see, e.g., United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995), and Rule 35 was inapplicable on its face. Thus, the district court could have denied it out of hand.

## III.

### Conclusion

In an era in which Congress has seen fit to narrow the doorway to habeas relief, fairness concerns dictate that courts take care not to apply the new law woodenly. So it is here: under the circumstances of this case, the petitioner's Rule 33/Rule 35 motion, notwithstanding its sua sponte recharacterization by the district court, cannot be considered a "first" habeas petition within the meaning of AEDPA. And if that motion was not a "first" petition, the application at issue here cannot be a "second" petition.

We need go no further. For these reasons, we reverse the order of dismissal, vacate the transfer order, and remand the case to the district court for further proceedings consistent with this opinion. The petitioner's provisional application for leave to file a second or successive habeas petition, prepared at our direction, is deemed withdrawn.

**Reversed and remanded.**