**UNITED STATES, Appellee,**

v.

**Laurier J. DOYON, Defendant, Appellant.**

**Laurier J. Doyon, Petitioner, Appellant,**

v.

**United States, Respondent, Appellee.**

**Nos. 01–1070, 01–1177.**

United States Court of Appeals, First Circuit.

June 4, 2001.

Laurier J. Doyon on brief pro se.

Paula D. Silsby, United States Attorney, and F. Mark Terison, Senior Litigation Counsel, on brief for appellee.

Before SELYA, BOUDIN and LYNCH, Circuit Judges.

PER CURIAM.

Laurier Doyon appeals from the denial of his motion for a new trial pursuant to Fed.R.Crim.P. 33 and seeks a certificate of appealability ("COA") to appeal from denial of his motion pursuant to 28 U.S.C. § 2255.

## I. *Background*

Doyon was convicted, following a jury trial, of attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841, 846. The indictment did not include a drug quantity as part of the charge. At sentencing, the district court attributed to Doyon seven ounces of cocaine, corresponding with a base offense level of 18, which the district court adjusted upward for Doyon's possession of a weapon (two levels) and for endangerment of others caused by Doyon's attempt to flee at the time of his arrest (two levels). Based on two prior drug felony convictions in state court (for trafficking in marijuana within 1000 feet of a school), the district court determined that Doyon was a career offender under the sentencing guidelines. *See* U.S.S.G. § 4B1.1. Therefore, the applicable offense level became 34, with a criminal history category of VI, yielding a guideline sentencing range of 262 to 327 months. The court denied Doyon's request for a downward departure from that range and sentenced him to 262 months in prison and six years' supervised release.

On direct appeal, Doyon raised two issues: 1) that the evidence was insufficient to support the requisite finding that he had made a substantial step toward possession with intent to distribute, and 2) that the trial court erred in admitting certain tape recordings of conversations between Doyon and a cooperating witness. We affirmed Doyon's conviction. *See United States v. Doyon*, 194 F.3d 207 (1st Cir.1999). A year later, Doyon filed a Rule 33 motion, seeking a new trial on the ground that his conviction was invalid under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied that motion and a motion to reconsider and Doyon appeals from those denials (Appeal No. 01–1070).

While his Rule 33 motion was pending, Doyon filed a § 2255 motion, challenging his sentence and conviction on the following grounds: 1) the district court abused its discretion in admitting the tape recordings into evidence; 2) the admission of the tape recordings violated his due process rights under the Fifth Amendment; and 3) the district court erred in denying his request for a downward departure from the career offender guideline sentencing range. In his objection to the magistrate judge's recommended decision, Doyon argued that his indictment was constitutionally defective because drug quantity was not included therein, in violation of *Apprendi*. The district court denied the § 2255 motion and a COA to appeal from that denial. Doyon requests this court to grant a COA. (Appeal No. 01–1177).

## II. *Rule 33 Motion*

■ "Rule 33 provides seven days in which a motion for new trial may be filed, unless there is newly discovered evidence. As this court has held, the rule is jurisdictional and the district court is without discretion to grant a motion for new trial that is not timely filed." *United States v. Lema*, 909 F.2d 561, 565 (1st Cir.1990). "A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty." Fed.R.Crim.P. 33. The

statute of limitations for a Rule 33 motion for a new trial based upon newly discovered evidence begins to run on the day the verdict or finding of guilty is rendered. J. Moore, 26 *Moore's Federal Practice* § 633.23[1] (3d ed.1997). Doyon's guilty verdict was rendered on April 16, 1998. Therefore, Doyon's motion (filed almost two and a half years after his guilty verdict) was timely filed only if there was newly discovered evidence.

New trial motions based on newly discovered evidence require the defendant to show four elements:

(1) the evidence was unknown or unavailable to defendant at the time of trial;

(2) the failure to discover the evidence was not due to a lack of diligence on the part of the defendant;

(3) the new evidence must be material; and

(4) the evidence would probably produce an acquittal upon retrial of defendant.

*United States v. Josleyn,* 206 F.3d 144, 151 (1st Cir.2000).

■ "Review of the denial of new trial motions is for manifest abuse of discretion." *Id.* at 151. There was clearly no such abuse of discretion here. Doyon did not even allege that there was any newly discovered "evidence." Instead, he relied upon newly decided constitutional law contained in *Jones* and *Apprendi.* In his brief on appeal, Doyon merely repeats his arguments that his conviction was constitutionally invalid under *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Apprendi.* Doyon failed to meet the four required elements to obtain relief pursuant to Rule 33. Doyon emphasized below that his Rule 33 motion did not contain a claim for ineffective assistance of counsel and should not be construed as a § 2255 motion. Under these circumstances, the district court did not abuse its discretion by denying Doyon's Rule 33 motion and subsequent motion to reconsider.

### III. *COA Request*

■ A COA to appeal from denial of a § 2255 motion may issue only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).[1] The only constitutional issue raised in Doyon's § 2255 motion is the argument that the admission of the tape recordings violated his due process rights. Doyon does not include that argument in his COA application and memorandum. Therefore, it may be deemed abandoned. *See David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). Even if it's not deemed abandoned, it is unavailing. To the extent that Doyon is reasserting the argument that he made on direct appeal, he is barred from relitigating that issue on collateral review. *See Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994). To the extent that he is seeking to add new elements to his constitutional claim that he failed to raise on direct appeal, Doyon is required to show cause for the failure and actual prejudice. *See Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994). We agree, for the reasons stated by the magistrate judge, that Doyon failed to make the requisite showing of cause.

In the memorandum in support of his COA request, Doyon makes no mention of his due process argument and instead challenges his conviction and sentence as unconstitutional under the rule announced in *Apprendi.* Having failed to raise the *Apprendi* argument in his § 2255 motion (al-

---

1. The district court addressed the merits of Doyon's Rule 33 claim, appearing to treat it as a § 2255 motion. Nonetheless, Doyon's § 2255 motion was properly treated as a "first" habeas petition. *See Raineri v. United States,* 233 F.3d 96 (1st Cir.2000).

though he did raise it in his objection to the magistrate judge's recommended decision), Doyon may have forfeited it. *See David*, 134 F.3d at 474–75. We need not decide that question, however, since the *Apprendi* argument fails on other grounds.

■ "*Apprendi* ... held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, *other than the fact of prior conviction*, must be submitted to the jury and proved beyond a reasonable doubt." *Sustache–Rivera v. United States*, 221 F.3d 8, 14 (1st Cir.2000)(emphasis added), *cert. denied*, —— U.S. ——, 121 S.Ct. 1364, 149 L.Ed.2d 292 (2001). Here, the statutory maximum sentence was dictated by 21 U.S.C. § 841(b)(1)(C), which prescribes a 30–year maximum for possession with intent to distribute "a controlled substance in schedule I or II" if defendant has a prior conviction for a felony drug offense. Therefore, it was the fact of Doyon's prior conviction that increased the statutory maximum to 30 years from the 20 year maximum otherwise applicable to the charged offense (regardless of drug quantity). Accordingly, this case falls within the exception to the *Apprendi* rule and Doyon has failed to make a substantial showing of a violation of that rule.

Doyon's reliance on *United States v. Jones, supra,* is misplaced. In *Almendarez–Torres v. United States*, 523 U.S. 224, 240, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Court rejected the argument that the Constitution requires that the fact of a prior conviction which has the effect of increasing the statutory maximum for the crime charged must be stated in the indictment, presented to a jury and proved beyond a reasonable doubt. Neither *Jones* nor *Apprendi* has overruled *Almendarez–Torres*, which remains binding on this court. *See United States v. Terry*, 240 F.3d 65, 73–74 (1st Cir.), *cert. denied*, ——

U.S. ——, —— S.Ct. ——, 149 L.Ed.2d —— (2001).

The district court's denials of Doyon's motion for a new trial and motion for reconsideration are affirmed. Doyon's request for a certificate of appealability is denied.