Thomas V. BAXTER, Plaintiff,

v.

Catherine E. CONTE, Donald Conte, John J. Conte, Stephen Early, Individually and in Their Official Capacities, City of Worcester, and Worcester Police Department, Defendants.

No. CIV.A.01–40014–NMG.

United States District Court, D. Massachusetts.

Dec. 28, 2001.

Thomas V. Baxter, Worcester, MA, pro se.

David L. Cataldo, Maynard, Cataldo, Scannell & Salerno, Worcester, MA, for Catherine E. Conte, Donald Conte.

James J. Arguin, Assist. Atty. Gen., Boston, MA, for John J. Conte.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Thomas Baxter brought this suit against Catherine E. Conte, Donald Conte, John J. Conte ("the Conte family"), Stephen Early ("Early"), the City of Worcester ("Worcester") and the Worcester Police Department ("Worcester Police"), alleging, *inter alia,* that the defendants, over the course of nearly twenty years, have conspired to violate Baxter's constitutional and statutory rights.

This action, brought under 42 U.S.C. §§ 1983 and 1985, is here under federal question jurisdiction. Baxter also asserts a claim for intentional infliction of emotional distress.

Pending before this Court are five separate motions by the defendants to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and the plaintiff's motion to transfer the instant case to the Eastern Division of this District all of which are opposed.

## I. *Legal Standard*

 A Court should not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 25 (1st Cir.1987), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). If the allegations of the complaint sufficiently state a cause of action under any viable theory, a motion to dismiss the complaint must be denied. *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991). In considering such a motion, the court must take facts alleged in the complaint as true, and "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Id.*

 In that regard, federal courts traditionally have been mindful of the rights of *pro se* litigants, and have examined a *pro se* complaint under less stringent standards. *See e.g., Raineri v. United States* 233 F.3d 96, 97 (1st Cir.2000); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). However, a plaintiff, even one proceeding *pro se,* may not rely on "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation." *Berner v. Delahanty,* 129 F.3d 20, (1st Cir.1997) (internal citations omitted). In addition, the "duty to be less stringent with pro se complaints does not require [the court] to conjure up implied allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (internal citations omitted).

## II. *Background*

Baxter contends that the defendants, at the direction of John Conte, the District Attorney of Worcester County, have conspired to deny him of his basic constitutional rights since approximately 1986. Baxter asserts that the impetus for this elaborate conspiracy against him was his refusal to date Catherine Conte, John Conte's sister, approximately two decades ago. Baxter, as he acknowledges in his pleadings, presents this Court with a series of unrelated episodes as evidence of the conspiracy against him.

Reading the facts in Baxter's favor as this Court must in a motion to dismiss, a series of unfortunate and unfathomable events have befallen Baxter since he graduated from college. Baxter attributes his misfortunes to the Conte family and their purported co-conspirators. In support of that conclusion, he recounts several instances when a member of the Conte family was inexplicably parked in a car in areas that Baxter frequented. In 1987, Baxter asserts that he overheard a conversation in which a supervisor at his place of work told another manager that "Donald" informed him that if "he says no to my daughter he will never get another job in this state again" and at some unspecified later time, two co-workers ran around Baxter's desk saying, "[g]o out with my daughter or else."

Baxter attributes a series of hostile or mysterious events to the conspiracy. By way of illustration, in 1989, Baxter states that he received three sexually explicit "stalking type" letters and since 1991, he has received harassing phone calls. In 1993, when walking on his usual path, Baxter saw a sign on a lamppost sign stating, "I love you and miss you very much." Baxter suggests that Catherine Conte or one of her cohorts was the author.

Since his refusal to date Catherine Conte, Baxter also alleges that he has had trouble with the police and state authorities. In 1991, Baxter received a call from a Worcester Police detective asking if he were involved in the incident near the Living Earth Store. At some point thereafter, Baxter was charged with three criminal offenses which were subsequently dismissed by a magistrate. In 1992, Baxter secured a state hawker's license to sell T-Shirts at Sail Boston, but state authorities refused to recognize his license. In 1998, Baxter claims that Mr. Early, an officer at the Worcester Police Department, entered his house with a representative of his deceased father's healthcare agency. Early purportedly detained Baxter without explanation other than by some vague reference to Baxter's crimes. Finally, although certainly not the last on the list of Baxter's misfortunes, the Worcester Police Department declined to renew Baxter's firearm identification card in 1999 and the City of Worcester refused to issue him a business license in 2000.

## III. *Discussion*

### A. Legal Standard for Section 1983

■ Under 42 U.S.C. § 1983, Baxter must show that a person, acting under color of state law, committed a violation of a constitutional or federal statutory right. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Section 1983, provides in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured in an

action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983

■ As the First Circuit Court of Appeals has recognized, 42 U.S.C. § 1983 can be an "instrument of justice in the hands of the weak against the mighty", but its misuse has had an impact on the court system. Although there is not a heightened pleading requirement for § 1983 claims, the plaintiff must nevertheless rely on more than "subjective characterizations or conclusory descriptions of a general scenario which could be *dominated* by unpleaded fact." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52–53 (1st Cir.1990) (quoting *Dewey v. Univ. of New Hampshire,* 694 F.2d 1,3 (1st Cir.1982)).

In asserting his § 1983 claim, Baxter alleges, *inter alia,* that (1) defendants Donald Conte, Catherine Conte and John Conte (collectively "the Contes") conspired to use the power of John Conte's office to prosecute Baxter maliciously, (2) the Contes and Officer Early, acting under color of state law, violated Baxter's constitutional right to be free from unreasonable searches and seizures, and (3) the Contes and the City of Worcester deprived Baxter of his right to the equal protection of the laws by virtue of Worcester's refusal to issue Baxter a firearms identification card.

### 1. The Conte Family

■ Baxter alleges that the Contes acting under color of state law, conspired (1) to prosecute him maliciously, (2) to seize him unconstitutionally and (3) to prevent him from obtaining a firearms license or a business license. Although a *pro se* complaint is construed liberally, Baxter's allegations are no more than "bald assertions" that cannot survive a motion to dismiss. Besides his allegation that Baxter refused to date Catherine Conte, he makes no rational connection between the defen-

dants and the alleged deprivation of his constitutional rights. *Correa–Martinez,* 903 F.2d at 52.

Moreover, Baxter fails to allege how the Contes were acting under color of state law. His assertion that John Conte, the District Attorney, abused the power of his office to mastermind the purported conspiracy has neither a factual nor an inferential basis in the Complaint under any theory. *See Cruz–Erazo v. Rivera–Montanez,* 212 F.3d 617, 622 n. 3 (1st Cir.2000) (noting that when a litigant does not allege a legal argument the court "is not obliged to dream up and articulate [litigants'] arguments for them.").

### 2. The City of Worcester and the Worcester Police Department

■■ It is well established that a municipality cannot be held liable under Section 1983 on a theory of respondeat superior; rather, a plaintiff must plead and prove an injury caused by an action taken pursuant to official municipal policy or custom. *Monell v. New York City Dept. of Social Serv.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A causal nexus must also exist between that policy or custom and the alleged deprivation of constitutional or federal rights. *Bryan County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

■ In the instant case, the plaintiff fails to allege that a City of Worcester or Police Department policy or custom violated his constitutional rights. Although the plaintiff, at this stage in the litigation, need only a make a "short and plain statement of relief", that statement must at least identify a relevant policy or act by a proper municipal decision maker. *Id.* at 404–05, 117 S.Ct. 1382; *Britton v. Maloney,* 901 F.Supp. 444, 452 (D.Mass.1995). The

plaintiff here merely contends that the City and the Police failed (1) to issue him a firearm identification card in 1999, or (2) to mail a license to him in 2000. A plaintiff, without more, cannot recite two random, isolated events to support an inference of an unconstitutional policy particularly if he makes no allegations other than that there was a conspiracy, writ large, against him.

### 3. Officer Early

■ Under the Fourth Amendment to the United States Constitution, people have a right to be "secure against unreasonable...seizures." U.S. Const. amend. IV. A seizure occurs when, in light of all of the surrounding circumstances, a reasonable person would not have felt free to leave. *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

■ Baxter contends that Early's entry into his home with a representative of his father's health care agency on January 17, 1998 constituted an unreasonable seizure. Baxter neither alleges that Early entered by force nor that he did anything but question Baxter about several reported crimes. In fact, Baxter does not contend that Early refused to leave his premises. The plaintiff has not alleged even a general allegation that Early, through physical or verbal acts, restrained Baxter in a manner that would have made a reasonable person feel unable to leave. Accordingly, Baxter has failed to allege that a constitutionally suspect seizure occurred.

### B. Legal Standard for Section 1985(3)

■ An actionable claim under 42 U.S.C. § 1985(3) must allege that (1) "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirator's action," *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), and (2) the conspiracy was directed toward interfering with rights that are "protected against private, as well as official, encroachment." *United Bhd. of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 833, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). The essential allegation in a Section 1985(3) claim is class-based animus. The conspiracy must also be purposefully aimed at depriving that class of its constitutional rights. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).

■ Baxter alleges that the Contes have conspired for approximately twenty years with the Worcester Police Department and the City of Worcester to deprive him of the equal protection of the laws. In support of that claim, Baxter contends that the defendants' activities evidence a pattern of "premeditated illegal acts amounting to a vendetta fueled by the power of the state..."

Baxter's factual allegations are not the "stuff out of which a § 1985(3) invidiously discriminatory animus [are] created." *Id.* at 274, 113 S.Ct. 753. In his pleadings, Baxter does not even suggest class-based animus but rather bases his claims on a legal theory that the defendants are particularly targeting him because of his actions *as an individual.* Even after construing the complaint liberally, Baxter's conclusory statements that the defendants have a vendetta against him fail to allege the essential elements of a § 1985(3) claim. *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 34–35 (1st Cir.1996).

### C. State Law Claim: Intentional Infliction of Emotional Distress

If this Court were to dismiss Baxter's two federal claims, it could consistently dismiss Baxter's state law claim of inten-

tional infliction of emotional distress, but the latter should be dismissed even if Baxter's federal claims survive defendants' motions to dismiss because he has not alleged such a state law claim.

■ To set forth sufficiently a claim for intentional infliction of emotional distress, the plaintiff must allege that (1) the defendants intended to inflict emotional distress or should have known that emotional distress was the probable effect of their conduct, (2) the defendants' conduct was extreme and outrageous, (3) the defendants' actions caused the plaintiff's distress, and (4) the plaintiff's emotional distress was so severe "that no reasonable person could be expected to endure it." *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466, 681 N.E.2d 1189 (Mass.1997) (internal citations omitted).

■ Baxter has alleged neither substantive claims nor any set of facts that could support an action for intentional infliction of emotional distress. As an initial matter, Baxter does not distinguish among the defendants in his Complaint, making it unclear whether the discrete acts of the defendants or the conspiracy more generally is the source of his purported distress. Notably, the City of Worcester and the Worcester Police Department, as a matter of law, are not liable for the intentional torts of their employees. Other than the plaintiff's bare averment that the City of the Worcester and certain Worcester Police officers participated in a grand conspiracy, it is unclear what acts of the City or the police would be considered "outrageous". Baxter's emotional distress claim is equally untenable with respect to the other named defendants. His mere suggestion of conspiracy, without more, does not sufficiently allege a claim for the intentional infliction of emotional distress.

### D. Legal Standard for a Motion to Transfer Venue

Baxter seeks to transfer the instant suit to the Eastern Division of the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and Local Rule 40.1(F) on the ground that he will be unable to secure a fair and impartial jury in the Central Division. A party may transfer a case to another division under (1) Local Rule 40.1(F) for good cause shown and (2) under 28 U.S.C. 1404(a) when it is in the interest of justice or a more convenient forum for the parties and witnesses. *See e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–9, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ Baxter does not dispute that the Central Division is the appropriate venue for the present case but rather relies upon his "personal experience" and several newspaper articles about John Conte's local influence to support his motion to transfer. Baxter further alleges that John Conte has a reputation for using the power of his public office to settle personal scores. Baxter's thinly supported statements about the District Attorney do not, however, set forth a persuasive or sufficient rationale justifying transfer of the instant case when, *inter alia*, the parties, witnesses and evidence are all located within this Division. This Court's jury impanelment procedure can guarantee plaintiffs such as Baxter a fair and impartial trial.

### IV. *Conclusion*

Even after liberally construing Baxter's complaint and responses to the pending motions, this Court can discern no cognizable legal claim. The defendants' motions to dismiss will be **allowed**. Although Baxter's motion to transfer venue is rendered moot by virtue of this Court's intended ruling on the motions to dismiss, Baxter has not, in any event, demonstrated that

the transfer of this action to the Eastern Division is warranted.

### ORDER

For the reasons stated in the Memorandum above, defendants' respective Motions to Dismiss (Docket Nos. 4, 7, 10, 15, and 17) are **ALLOWED** and plaintiff's Motion to Transfer Venue (Docket No. 28) is **DENIED** as moot.

**So ordered.**