[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1334

ALEJANDRO VEGA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Alejandro Vega on brief pro se.
James B. Farmer, United States Attorney, and Dina Michael Chaitowitz, Assistant U.S. Attorney, on brief for appellee.

---

January 3, 2002

---

**Per Curiam**.  Petitioner Alejandro Vega appeals from a district court judgment dismissing his 28 U.S.C. § 2255 petition as a "second or successive" one under AEDPA.  See 28 U.S.C. § 2255 (¶ 8) (requiring that second or successive petition by certified by appellate court as satisfying one of two gatekeeping criteria).  According to petitioner, his "first" petition was in fact a motion for reduction of sentence under 18 U.S.C. § 3582(c) which the district court, acting without his consent, had recharacterized as a § 2255 petition.  If so, that filing would likely "not count as a 'first' habeas petition sufficient to trigger AEDPA's gatekeeping requirements."  Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000).

As the district court found, however, this assertion is factually mistaken.  The record reveals that a § 3582(c) motion was filed on May 16, 1997 and was denied in a margin order dated June 3, 1997.  Petitioner then filed a separate pleading on November 24, 1997 which was formally styled as a § 2255 petition and was treated as such.  The court disposed of that matter in an order dated February 17, 1998.  The existence of this earlier § 2255 proceeding renders the instant petition second or successive.

**The judgment is affirmed.  Alternatively, to the extent the notice of appeal can be construed as a request**

-2-

for leave to file a second or successive petition, that request is denied without prejudice for the reasons stated in the first paragraph of this court's November 20, 2000 judgment.