Eric ADAMS, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket No. 97–2263.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 15, 1997.

Decided Aug. 20, 1998.

Barry D. Leiwant, Federal Defender Division, The Legal Aid Society, New York City, for Petitioner–Appellant.

Sung–Hee SUH, Assistant United States Attorney, Eastern District of New York (Zachary Carter, United States Attorney), Brooklyn, NY, for Respondent.

Before: JACOBS and LEVAL, Circuit Judges and RESTANI, Judge.*

PER CURIAM:

Eric Adams was convicted of various crimes in 1995, and sentenced to a term of imprisonment for life, plus 65 years. We affirmed his conviction. *United States v. Adams*, 101 F.3d 684, 1996 WL 281356 (2d Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996). Acting *pro se,* Adams filed an application dated February 24, 1997, invoking Fed.R.Crim.P. 12(b)(2), and styled a "Motion to Dismiss All

---

* The Hon. Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Counts of Charged Indictment Due to United States Lack of Territorial Jurisdiction." Adams explained his belief that Rule 12 authorized such a motion:

A motion contesting the District Court's geographical jurisdiction (the place w[h]ere the crime was committed) ... can be raised at anytime. Rule 12(b)(2) Fed. Rules Crim. Proc. 18 U.S.C.A.

On March 11, 1997, the United States District Court for the Eastern District of New York (Raggi, *J.*) construed the motion as having been made pursuant to 28 U.S.C. § 2255, and denied it by memo endorsement:

The crimes of conviction all involved activity in or affecting interstate commerce. Thus, there is no merit to this motion (which the court entertains pursuant to 28 U.S.C. § 2255) to vacate judgment for lack of jurisdiction. Motion *denied*. Certificate of appealability *denied*.

(emphasis in original).

On March 28, 1997, the district court's *pro se* office received Adams's application "to withdraw motion of Lack of Territorial Jurisdiction of the United States." In this application, Adams explained that he was planning to present all his habeas claims in a single later motion that might be barred as successive, within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, if his Rule 12(b)(2) motion were deemed filed under 28 U.S.C. § 2255. The district court denied this application as moot:

The court having ruled on March 11, 1997 denying Mr. Adams's jurisdictional challenge to his conviction, it is too late for him now to withdraw his motion. *Denied*.

(emphasis in original).

Adams appealed the district court's refusal to permit him to withdraw his motion. Initially, this Court treated his appeal as a motion seeking permission to file a second or successive petition. However, we appointed counsel for Adams, and sought briefs from the parties addressing the issues raised by the interface between (i) AEDPA's successive motion provisions and (ii) our precedents approving the treatment of a postconviction attack on a prisoner's sentence, however styled, as a § 2255 motion. We now vacate the district court's ruling to withdraw and remand with instructions.

## DISCUSSION

Prior to the enactment of AEDPA, district courts routinely converted post-conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute. This was done most frequently in the cases of *pro se* litigants who sought relief under a statute or rule that accorded no relief—often Fed.R.Crim.P. 35—in order to determine whether they might be entitled to relief under § 2255, without obligating them to replead their motions. In order to relax formalities that might needlessly frustrate *pro se* petitioners and because the practice was harmless, we affirmed that practice. *See, e.g., United States v. Detrich,* 940 F.2d 37, 38 (2d Cir.1991) (treating motion nominally brought under Fed.R.Crim.P. 35(a) as motion pursuant to § 2255). The district court followed that well-established practice in this case.

The enactment of AEDPA, however, brings into play new considerations. AEDPA places stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under either 28 U.S.C. § 2254 or § 2255. Second or successive applications may be heard only if they involve newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. *See* 28 U.S.C. §§ 2255, 2244(b). If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a "second" § 2255. Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated.[1] The court's

---

1. We do not suggest it would be appropriate for a later court to deem the earlier motion as one filed under § 2255 solely because the earlier court so labelled it. We ruled in *Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir. 1997) that whether a motion was made under

act of conversion which we approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights. A prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255.

■ At least until it is decided whether such a conversion or recharacterization can affect the movant's right to bring a future habeas petition, district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized. Because the district court neither ruled, based on the content of Adams's motion, that it was properly deemed a motion under § 2255, nor obtained Adams's informed consent that the motion should be deemed as made under § 2255, we hold that the district court should not have recharacterized Adams's motion, made under Rule 12(b)(2), as one made under § 2255. We therefore vacate the court's order and remand for further proceedings.[2]

§ 2255 should be determined by reference to the relief sought in the motion rather than what label the movant used. We think this would be so for labels applied by the court as well, at least where an application that is *not* a § 2255 motion is erroneously deemed to be one.

2. We note in addition that, in dealing with the question of possible recharacterization, district judges must be sensitive to another problem arising from AEDPA—its one-year period of limitation for the bringing of petitions under §§ 2254 or 2255. 28 U.S.C. §§ 2244(d), 2255. In giving notice to the movant on the issue of recharacterization, care should be taken to advise him of this limitation period.

## CONCLUSION

The judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

Adams's conviction became final on October 7, 1996, when the Supreme Court refused to review it. His habeas motion would therefore be untimely under AEDPA unless brought by October 7, 1997. Because the district court's ruling came at a time when Adams still had several months in which to file a § 2255 motion, but had serious reason to doubt that he could satisfy AEDPA's stringent limitations on successive motions, fairness demands that the statute of limitations be tolled to afford Adams an opportunity to file his first § 2255 motion, provided that he does so promptly.