Reinaldo **HERNANDEZ**, Petitioner,

v.

Art **BEELER**, Respondent.

No. CIV.A. 00–293.

United States District Court, D. New Jersey.

Jan. 31, 2001.

Reinaldo Hernandez, Petitioner, pro se.[1]

## OPINION

RODRIGUEZ, District Judge.

This matter is before this court on a Motion for Reconsideration filed by Reinaldo Hernandez (the "Petitioner"). He moves for reconsideration of this Court's Order dated November 28, 2000 dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (" § 2241") after recharacterizing it as a motion brought pursuant to 28 U.S.C. § 2255 (" § 2255"). He further moves this court, upon reconsideration, to vacate the dismissal and transfer this matter to another judge within the District of New Jersey. For the reasons that follow, his motion will be granted in part and denied in part.

## I. BACKGROUND

On May 5, 1995, the United States District Court for the District of Delaware sentenced Petitioner to 120 months in prison, followed by 5 years of supervised release, after a guilty plea to possession with intent to distribute cocaine. (Answer at 1–2.) Petitioner did not file an appeal. (Answer at 2.)

On April 30, 1998, Petitioner filed a § 2241 Petition with his sentencing court, which that court recharacterized as a § 2255 Motion. *See Hernandez v. United States*, No. 94–60, 1998 WL 552942 (D.Del. Aug.13, 1998). The petition was dismissed on August 13, 1998. *See id.* The Third Circuit Court of Appeals denied a certificate of appealability and denied a petition for authorization to file a successive motion under § 2255. (Pet. at Ex. A.)

Petitioner filed this instant § 2241 Petition on February 17, 2000. The grounds raised in his previous petition are also raised here. (Pet. at p. 6, ¶ 12.) Those grounds are (1) the traffic stop leading to his arrest was the result of unconstitutional racial profiling, violating the Fourth and Fifth Amendments; and (2) the arresting officer violated Petitioner's rights under Article 36 of the Vienna Convention. (Pet. at Questions Presented.) Additionally, Petitioner contends that the District of Delaware and the Third Circuit acted illegally in construing his original § 2241 Petition as a § 2255 Motion.[2]

Pursuant to the Third Circuit's opinion in *United States v. Miller*, 197 F.3d 644 (3d Cir.1999), this Court sent Petitioner a *"Miller* Notice" on August 17, 2000.[3] The *Miller* Notice gave Petitioner 3 options:

1. Petitioner filed this instant Motion for Reconsideration without service of the motion upon Respondent. Because the outcome of this motion will either be dismissal again, or a withdrawal of the original pleading, this Court did not require service upon the Respondent.

2. In this Court's Order of November 28, 2000, it was explained that the proper mode of addressing the issue would be for petitioner to attempt to appeal that claimed error to the United States Supreme Court.

3. *Miller* was a case involving an attack on a plea agreement by a defendant before the court that accepted the plea. *Miller*, 197 F.3d at 647. Miller filed his attack with two motions: a motion requesting dismissal of the underlying indictment and a motion for a new trial under Federal Rule of Criminal Procedure 33. *Id.* Both motions were time-barred, so the court recharacterized them as a § 2255

1. You may have your pleading ruled upon as filed; or

2. You may have your pleading recharacterized as a Section 2255 motion and heard as such. If you do, however, you will lose your ability to file a second or successive pleading absent Certification by the Court of Appeals; or

3. You may withdraw your pleading and file an all inclusive Section 2255 Petition subject to the one (1) year period described by [§ 2255].

On August 29, 2000, Petitioner moved this Court to stay the 45–day period the *Miller* Notice provided Petitioner to select one of the three options above. This court denied that motion by Order dated October 4, 2000, but addressed Petitioner's confusion:

> [P]etitioner is correct in stating that (1) because he previously filed a section 2255 motion which was denied by the Court, if his instant petition is recharacterized as a section 2255 motion, it would be a second or successive motion which requires Certification by the appropriate Court of Appeals, and because the Third Circuit already denied petitioner a Certification to file a second or subsequent petition, the instant petition could be dismissed by the Court as a successive and uncertified filing . . . .

Motion. *Id.* Because § 2255 motions must be filed with the court that convicted and sentenced the defendant, the factual situation of this instant petition was not addressed. That is, the *Miller* court did not determine whether a district court must issue a *Miller* Notice where a petitioner files a § 2241 Petition that should be construed as a § 2255 Motion and the § 2241 Petition is not filed with the convicting and sentencing court.

However, this court, since the decision in *Miller,* has consistently applied *Miller* to these types of § 2241 petitions. To do otherwise would go against the principles of *Miller,* wherein a prisoner placed in a prison outside of his sentencing jurisdiction could have his § 2241 Petition converted to a § 2255 Motion and used against him to bar a more complete collateral attack on his conviction. *Accord Welles v. Guzik,* No. 99–5871, 2000 WL 62305

Petitioner did not make a choice from the three options contained in the *Miller* Notice, electing, "by lack of notice, to have his motion ruled upon as filed." (Pet'r's Mot. for Recons. at 2.) In ruling upon the motion as filed, this court recharacterized the § 2241 Petition as a § 2255 Motion and dismissed it.[4]

Petitioner now argues that this court "engaged in a shell game of semantics." (Pet'r's Mot. for Recons. at 2.) Petitioner argues that when a petitioner receives a *Miller* Notice and chooses, either in writing or by not responding, to have his pleading "ruled upon as filed," the court plays a shell game if, in the process of ruling upon the pleading as filed, it recharacterizes the pleading as a § 2255 Motion. If Petitioner is correct, then the only time a court could recharacterize any pleading as a § 2255 Motion after sending a *Miller* Notice would be where a petitioner affirmatively chose the second option in the *Miller* Notice.

## II. DISCUSSION

### A. Motion for Reconsideration

■ There is no Federal Rule of Civil Procedure that addresses a Motion for Reconsideration. However, Local Civil Rule 7.1(g) is entitled "Motions for Reargument."

A motion for reargument shall be served and filed within 10 days [5] after the entry

(E.D.Pa. Jan.11, 2000) (sending *Miller* Notice to petitioner before converting a § 2241 Petition to a § 2255 Motion).

4. While, under some circumstances a transfer to the court before which the § 2255 Petition should have been filed would have been warranted, this Court found that, because Petitioner had not received certification for a successive § 2255 Petition from the Third Circuit, such a transfer would be futile.

5. Although this motion was not filed until 14 days after this Court entered its Order dismissing this matter, Federal Rule of Civil Procedure 6(a) is applicable to Local Civil Rule 7.1(g). *See Juzwin v. Amtorg Trading Corp.,* 718 F.Supp. 1233, 1234 n. 1 (D.N.J.1989). Thus, December 2, 3, 9, and 10 are removed from the calculation of the time period in

of the order or judgment on the original motion by the Judge or Magistrate Judge. There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked . . . .

Local Civ. R. 7.1(g).

"Courts in this district have routinely held that although Local Civil Rule 7.1(g) is entitled 'Motions for Reargument,' reconsideration and reargument are interchangeable terms, and, however denominated, will be governed by the rule." *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999) (citing *Public Interest Research Group v. Yates Indus.*, 790 F.Supp. 511, 512 n. 1 (D.N.J. 1991)) (quotations and alterations omitted).

■■■ To succeed on a motion for reconsideration, a petitioner must present "something new or something overlooked by the court in rendering the earlier decision." *Khair v. Campbell Soup Co.*, 893 F.Supp. 316, 337 (D.N.J.1995) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). The petitioner should show "more than a disagreement" with the decision he would like reconsidered. *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995).

Here, Petitioner appears to have raised more than a "disagreement" with this Court's Order. If Petitioner's argument is correct, this Court has misconstrued the Third Circuit's opinion in *Miller* and denied Petitioner the full benefit of the law. Thus, Petitioner's motion in as far as it seeks to have this Court reconsider its Order of November 28, 2000 will be granted.

### B. *United States v. Miller*

■■ In *Miller*, the Third Circuit held, [D]istrict courts must first take certain prophylactic measures before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such. More specifically, we prescribe that upon receipt of a pro se pleading challenging an inmate's conviction or incarceration—whether styled as a § 2255 motion or not—district courts should issue a form notice to the petitioner regarding the effect of such a pleading in light of AEDPA. This communication should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petitions absent certification by the court of appeals; or (3) withdraw his motion and file an all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255.

*Miller*, 197 F.3d at 646.

The *Miller* court explained that, prior to enactment of the AEDPA, it benefitted petitioners for a district court to recharacterize a motion that would be proper if brought as a § 2255 Motion as such. *Id.* When this procedure was followed, the petitioner had his motion decided rather than dismissed because of procedural failures. *Id.* "This practice developed both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." *Id.*

However, after the enactment of the AEDPA, recharacterizing a motion as a § 2255 Motion could cause harm to a petitioner. *Id.* The AEDPA limits a petitioner, absent certification from a court of appeals, to one § 2255 Motion. *Id.; see* 28 U.S.C. §§ 2244, 2255. Thus, a district court's recharacterization could effectively bar a petitioner from more completely attacking his conviction. *Miller*, 197 F.3d at 646. To help ensure that a recharacterization did not unfairly harm a petitioner, the Third Circuit held that the *Miller* Notice

which to file, and this Motion for Reconsideration was filed on the tenth day.

must be sent to a petitioner, or a recharacterization would be set aside. *Id.*

At issue here is what the *Miller* court meant by the first option: to have the motion "ruled upon as filed." This court has, in past opinions and orders, proceeded as though "ruled upon as filed" included the ability to recharacterize the motion as a § 2255 Motion and either dismiss the motion or transfer the motion to the court in which it should have been brought.

Petitioner raises the argument that "ruled upon as filed" means that this Court should not recharacterize a motion as a § 2255 Motion. In reviewing the language used in the *Miller* Notice, this Court agrees that a petitioner could understand it to mean that a court will not recharacterize his motion as a § 2255 Motion unless the petitioner chooses option two.

The Third Circuit • did not provide a meaning for "ruled upon as filed." There are two plausible alternatives.[6]

The first, the meaning this Court has been using, is that "ruled upon as filed" means that a district court should treat the pleading as what it really is, which involves recharacterizing the pleading as a § 2255 Motion if the petitioner is attacking his conviction or sentence. The *Miller* Notice explains that the petitioner can lose the right to file a second § 2255 Motion and offers the petitioner the ability to withdraw his motion to prevent the recharacterization. On its face, this appears to address the fairness considerations that were discussed in *Miller.*

Additionally, the *Miller* court relied upon *Adams v. United States*, 155 F.3d 582 (2d Cir.1998). *See Miller*, 197 F.3d at 648–53. In *Adams*, the Second Circuit held that a district court could not recharacterize a motion a § 2255 Motion unless:

(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the

motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams*, 155 F.3d at 584.

The language of *Adams* seems to indicate that, recharacterization is proper when a movant chooses not to have his motion recharacterized, as long as he has had the opportunity to withdraw the motion before recharacterization. *See also United States v. Moore*, No. 98–1515, 1999 WL 377258, *1 (2d Cir. June 1, 1999) ("Under ordinary circumstances, if the district court offered a defendant the *Adams* options and the defendant refused to elect either option, insisting instead on his own characterization of the motion, the district court would be well within its authority to adhere to its characterization of the motion as a § 2255 petition and to decide it as such."), *cited on other grounds in Miller,* 197 F.3d at 650 n. 4.; *Ambrosio v. United States*, Nos. 99–9626, 94–674, 2000 WL 109009, at *1 (S.D.N.Y. Jan.28, 2000) (explaining how a district court in the Western District of Pennsylvania recharacterized a § 2241 Petition as a § 2255 Motion despite petitioner insisting that it was properly brought as a § 2241 Petition).

On the other hand, "ruled upon as filed" could, as petitioner contends, mean that the district court may not recharacterize a motion or petition not brought under § 2255 as a § 2255 Motion. If this is the proper meaning, then it appears that a district court should dismiss the motion or petition as filed, if it is not proper for consideration as filed, instead of recharacterizing the motion or petition against the will of the petitioner. It appears that this is the meaning that Magistrate Judge Welsh accords this language. *See Welles v. Guzik,* ·

---

**6.** A third alternative, that the *Miller* court meant "ruled upon as filed" to mean that the court could accept jurisdiction where none

exists because a petitioner requests the court to do so, is not plausible.

No. 99–5871, 2000 WL 62305, at *1 n. 1 (E.D.Pa. Jan.11, 2000) ("If the court does not recharacterize Mr. Welles' original pleading (which he has characterized as a § 2241 petition) as a § 2255 motion, the court will dismiss his original pleading because ... Mr. Welles should have filed a § 2255 motion, not a § 2241 petition.").

In *Miller,* the court provided two justifications for allowing a district court to convert a motion to a § 2255 Motion: efficiency and fairness. *Miller,* 197 F.3d at 646. The court instituted the issuance of the *Miller* Notice in this circuit to ensure that the second justification, fairness, was not obliterated by the AEDPA. However, efficiency remains a substantial justification for converting a motion to a § 2255 Motion.

Once the motion is recharacterized as a § 2255 Motion, the issues raised can be adjudicated, either procedurally or substantively, under § 2255. Issues that cannot be addressed by the court as presented, like in this matter where a petitioner attacks his conviction or sentence under § 2241 without falling into the *Dorsainvil* limited exception, are, nonetheless, addressed. Thus, the first meaning of "ruled upon as filed," explained above, seems to meet the efficiency requirement. The issues are ultimately adjudicated.

However, the second meaning, which dismisses the motion for failure to bring it under a proper heading, leaves the adjudication of the issues for another day. Not only is this a waste of judicial resources, it is also a waste of resources for the petitioner and respondent, who expend time and money in subsequent litigation. Thus, efficiency is best served under the first meaning of "ruled upon as filed."

The Miller Notice attempts to satisfy the concerns of fairness created by one-shot rule for § 2255 Motions under the AEDPA. Still, the fairness concerns do not appear to be satisfied where a petitioner, in good faith, reads the *Miller* Notice as providing him with a right to proceed with his pleading without the possibility of recharacterization as a § 2255 Motion. Such a petitioner may have an intention of bringing an all-inclusive § 2255 attack on his conviction or sentence and believe that choosing the first option will not interfere with that intention. Imagine a petitioner's surprise, when, after choosing to not recharacterize his pleading as a § 2255 Motion, he ends up with a district court decision that does exactly that. He is now confronted with the task of obtaining certification from a court of appeals before raising other grounds that he planned on including in his yet-to-be-filed § 2255 Motion.

Both the efficiency and fairness justifications can be addressed with a simple adjustment to the *Miller* Notice that this Court has been issuing. When mailing a *Miller* Notice in the future, this Court will present petitioners with the following options:

1. You may choose to have your pleading recharacterized as a petition filed pursuant to 28 U.S.C. § 2255 ("Section 2255") and heard as such. If you do, however, you will lose your ability to file a second or successive Section 2255 Motion absent Certification by the Court of Appeals. Additionally, your pleading may be dismissed if it has not been filed within the one-year period described in Section 2255;

2. You may withdraw your pleading and file an all-inclusive Section 2255 Motion subject to the one-year period described in Section 2255; or

3. You may have your pleading ruled upon as filed. If you do and the Court determines that your pleading can only be considered pursuant to Section 2255, then your pleading will be recharacterized and adjudicated as such.

Because Petitioner did not have the benefit of this clearer explanation of his choices when he chose to have his motion ruled upon as filed, this court will vacate the Dismissal Order of November 28, 2000. Petitioner will be ordered to select one of

the three options listed above within 45 days of this order. If he chooses not to respond, this Court will rule upon the pleading as filed as explained in Option # 3 above.

### C. Recusal

Petitioner's final request in his Motion for Reconsideration is that this matter be transferred to a different Judge. Apparently, Petitioner feels that recusal is in order.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Petitioner has filed no such affidavit and, thus, § 144 is not applicable.

■ Also pursuant to federal law:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstance:

(1) Where he has a personal bias or prejudice concerning a party . . .;

28 U.S.C. § 455. There is no implication of a reasonable question regarding the impartiality of this court. For such an implication to arise every time a judge dismisses a petition for habeas corpus is simply not appropriate. Additionally, this court finds no grounds for disqualifying itself as it has no personal bias or prejudice in favor of or against any party to this proceeding.

This portion of Petitioner's motion will be denied.

### III. CONCLUSION

Petitioner's Motion for Reconsideration will be granted as he raised a legitimate question as to whether this Court misconstrued the law of the this circuit. Upon reconsideration, this Court finds that the *Miller* Notice Petitioner received was subject to two possible interpretations. Thus, in the interest of fairness, this court will vacate the recharacterization of Petitioner's § 2241 Petition as a § 2255 Motion and subsequent dismissal.

Petitioner will be ordered to notify this court of whether he wishes to have his pleading recharacterized as a § 2255 Motion; withdraw his current pleading; or have his pleading ruled upon as filed, in accordance with this Opinion.

This court will not transfer this matter to another judge.

An appropriate order will issue.

### ORDER

This matter having come before this court on Petitioner's Motion for Reconsideration; and

For the reasons expressed in the Opinion of this Court issued even date;

IT IS ORDERED this 31st day of January, 2001 that Petitioner's motion [10] is *GRANTED IN PART* and *DENIED IN PART* as follows:

1. *GRANTED* as to the request for reconsideration;

2. *GRANTED* as to the request to vacate the Order of November 28, 2000; and

3. *DENIED* as to the request for recusal; and

IT IS FURTHER ORDERED that this Court's Order of November 28, 2000, dismissing this matter, is *VACATED;* and

IT IS FURTHER ORDERED that Petitioner has forty-five days from the date of this Order within which to advise this Court as to his choice from the following three options:

1. Petitioner may choose to have his pleading recharacterized as a motion

filed pursuant to 28 U.S.C. § 2255 ("Section 2255") and heard as such. If he does, however, his petition will be dismissed for failure to obtain certification from the Third Circuit to file a second or successive pleading. Additionally, his pleading could be dismissed for failure to file it within the one-year period described in Section 2255;

2. Petitioner may withdraw his pleading and attempt once again to obtain certification from the Third Circuit and file an all-inclusive Section 2255 Motion subject to the one-year period described in Section 2255; or

3. Petitioner may have his pleading ruled upon as filed. If he does, the petition will be recharacterized as a § 2255 Motion and dismissed for the reasons contained in this Court's now-vacated Order of November 28, 2000.

If Petitioner does not notify this court of his choice, this matter will be ruled upon as filed.