**J. Michael RICE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00 Civ. 7280(MGC).**

United States District Court, S.D. New York.

Feb. 14, 2001.

J. Michael Rice, Texarkana, TX, pro se.

## *MEMORANDUM OPINION AND ORDER*

CEDARBAUM, District Judge.

Petitioner J. Michael Rice has filed a motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. Petitioner was convicted by a jury on one count of conspiracy and six counts of money laundering on October 9, 1996. The Court of Appeals affirmed his conviction by summary order on October 30, 1998. The mandate was issued on November 20, 1998. Petitioner submitted this motion on July 24, 2000.

The motion was initially assigned to Chief Judge Mukasey, who construed the motion as a motion under 28 U.S.C. § 2255. He directed petitioner to submit an Amended Petition under § 2255 and to show cause by affirmation why the motion should not be barred as untimely. *Rice v. United States*, No. 00 Civ. 7280(MBM), Order, Sept. 27, 2000. Petitioner submitted an Amended Petition opposing the recharacterization of his motion under *Adams v. United States*, 155 F.3d 582 (2d Cir.), asserting the right to make a motion under 12(b)(2) at any time and, in the alternative, asking that the one year statute of limitations under § 2255 be tolled.

The case has since been reassigned to my calendar.

Rule 12(b)(2) authorizes a motion to dismiss when defects in an indictment deprive the court of jurisdiction. Such a motion is not required to be brought prior to trial but "shall be noticed by the court at any time during the pendency of the proceedings." Fed.R.Crim.P 12(b)(2). Petitioner has been tried, convicted and has had his conviction affirmed on appeal. Petitioner's criminal proceedings are no longer pending. Therefore, a motion under Rule 12(b)(2) is not available.

The Second Circuit has held that a 12(b)(2) motion should not be recharacterized as a motion under § 2255 "unless (a) the movant agrees ... to have the motion so recharacterized or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Adams*, 155 F.3d at 584.

By this motion, petitioner seeks to attack collaterally his conviction and sentence on the ground that defects in the indictment deprived the trial court of jurisdiction. The relief petitioner seeks is properly sought under § 2255, which provides the avenue for a prisoner to attack his sentence after the conclusion of trial and appeal when "the court was without jurisdiction to impose such a sentence." 28 U.S.C. § 2255. Accordingly, the motion should be considered as made under § 2255. *Adams*, 155 F.3d at 584; *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir.1997).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion pursuant to 28 U.S.C. § 2255 must be brought within one year of the date on which the conviction became final. Petitioner filed this motion more than one year after his conviction was

upheld on appeal and his time to seek a writ of certiorari from the United States Supreme Court had expired. It is therefore untimely. Permitting petitioner to withdraw the motion would not preserve a future opportunity to seek relief under § 2255.

For the foregoing reasons, petitioner's motion is dismissed as time-barred.

SO ORDERED.