**Henry CHINIEWICZ, Plaintiff,**

**v.**

**William J. HENDERSON, Postmaster General, Defendant.**

**No. CIV.99–2160(AMW).**

United States District Court,
D. New Jersey.

April 22, 2002.

William F. Koy, Esq., William J. Koy, Esq., Morristown, NJ, for Plaintiff.

Daniel J. Gibbons, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, Newark, NJ, for Defendant.

## OPINION

WOLIN, District Judge.

This motion comes before the Court on defendant Postmaster General's motion for reargument under Local Rule 7.1(g). For the reasons discussed below, the defendant's motion is denied.

## BACKGROUND

The Court detailed the factual background of this case in a March 15, 2002, opinion in which the Court granted summary judgment on all but one of plaintiff's claims. The defendant now urges the Court to reconsider the denial of summary judgment on the single claim that defendant wrongfully denied plaintiff training and subsequent promotions because he was disabled. The Court will reiterate the facts relevant to this claim only briefly.

Plaintiff was a carrier at the Succasunna, New Jersey post office. He injured his knee in 1993, and as a result his mobility is limited. During his recovery, plaintiff was severely restricted in both the kinds of activities he could safely perform and the number of hours he could work. In July, 1994, when plaintiff was permitted by his doctor to work only four hours a day, he sent a letter to the postmaster of the Succasunna post office requesting 204B training.[1] Plaintiff received no response. In August, 1995, when plaintiff was working six-hour days, plaintiff requested 204B training from officer-in-charge Laura Griffin. Ms. Griffin told him that she would consider his request when he returned to work full time. Plaintiff returned to work full time in October, 1995.

Erik Slager became plaintiff's supervisor in May, 1996. While plaintiff never directly asked Mr. Slager for 204B training, plaintiff's shop steward and his EEO counselor both communicated to Mr. Slager plaintiff's interest in such an assignment. At some point, Mr. Slager's brother became a 204B at the Succasunna post office.

Even after his doctor permitted him to return to work full time, plaintiff's activities were permanently limited. Plaintiff is severely restricted in his walking, lifting and bending. He is not permitted to climb, kneel or twist.

In its motion for summary judgment, defendant asserted that because of plaintiff's disability, he could not perform nec-

---

1. 204B training involves the trainee acting as supervisor for periods when the postmaster or office supervisor is not in the post office. It is a "temporary duty assignment." Soto dep. at 330. Although the trainee receives a higher wage rate for the hours he is acting as supervisor, the advancement is only temporary and is intended to train the employee for permanent employment as a supervisor in the future.

essary duties of a supervisor even with accommodation. Plaintiff, on the other hand, contended that a supervisor's work did not entail any tasks that plaintiff could not perform with accommodation.

The Court denied summary judgment on this claim, stating that an employer's description of a job is not necessarily controlling, and finding that what the duties of a supervisor are and whether or not plaintiff could perform them were questions of fact for a jury.

### Motion for Reargument

To be successful on a motion for reconsideration, a petitioner must present "something new or something overlooked by the court in rendering the earlier decision." *Hernandez v. Beeler,* 129 F.Supp.2d 698, 701 (D.N.J.2001), *quoting Khair v. Campbell Soup Co.,* 893 F.Supp. 316, 337 (D.N.J.1995). Where dispositive factual matters or controlling legal precepts were presented to the Court but not considered, the Court will reexamine its decision. *See Barone v. Brown,* 126 F.Supp.2d 805, 807 (D.N.J.2001). It is not an opportunity for a party to circumvent page limits on court submissions, or to introduce legal theories that a party failed to include in its initial motion. Therefore, "where evidence is not newly discovered or there exist[ ] no manifest errors of law, the motion for reconsideration must be denied because a motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion." *Hunterson v. DiSabato,* 137 F.Supp.2d 529, 549 (D.N.J.1998).

### DISCUSSION

The defendant now argues that the Court failed to consider several issues when it denied summary judgment on plaintiff's failure to train claim. First, defendant claims that the Court failed to consider the fact that plaintiff was unable to work an eight hour workday until October, 1995 and was therefore unqualified for 204B training until then. Furthermore, defendant contends, whether or not plaintiff was qualified for 204B training after October, 1995, is irrelevant because he did not submit an application for the assignment. Defendant last urges that it has provided nondiscriminatory reasons for the failure to give plaintiff 204B training, and thereby successfully rebutted plaintiff's prima facie case.[2]

The Court agrees with defendant's contention that plaintiff was not qualified for a 204B assignment while he was restricted from working 8 hours a day. Plaintiff has offered no evidence at all that there were part time 204Bs. Furthermore, a supervisor's position, which a 204B temporarily replaces, is a full time job, and a 204B must be able to fill in whenever the supervisor is out. The 204B must thus be available for the supervisor's whole shift. Employing a part time 204B would therefore require defendant to employ two 204Bs to ensure that the supervisor was covered during his entire shift. This presents an undue hardship to the employer, and is not a reasonable accommodation. *See, e.g., Lamb v. Qualex, Inc.,* 2002 WL 500492, at *10 (4th Cir. Apr.3, 2002) (holding that "[plaintiff's] request that [defendant] create a new part-time ADS job for him was unreasonable and would impose an undue hardship on [defendant]"); *Treanor v.*

---

**2.** Defendant's reply brief is an improper attempt to get a third bite of the proverbial apple. The arguments therein the Court finds both disingenuous and wholly inappropriate in a motion for reconsideration. As to defen-

dant's contention that 204B training is different from a 204B assignment, the testimony of defendant's own witnesses, Ms. Soto and Mr. Slager, clearly indicates otherwise. *See* Slager dep. at 32, 33, 37; DeSoto dep. at 352.

*MCI Telecommunications Corp.*, 200 F.3d 570, 575 (8th Cir.2000) (finding that an employer is not required to create a new part-time position where none previously existed); *Terrell v. USAir*, 132 F.3d 621 (11th Cir.1998) (holding that "where [defendant] had no part-time jobs when Plaintiff demanded such a position, a request for part-time employment was unreasonable").

As a result, the Court agrees with defendant that plaintiff was not qualified for 204B training before October, 1995. Defendant cannot be held responsible for plaintiff's failure to be appointed postmaster of the Baptistown or Greendell post offices. The candidates chosen had supervisory experience while plaintiff did not, and plaintiff was not eligible to obtain it during this period because of his abbreviated work schedule.

■ Defendant next argues that plaintiff has not made out his prima facie case of failure to promote because when plaintiff was again able to work eight hour days, in October, 1995, and thus became eligible for the 204B position, he failed to reapply. This is fatal, defendant contends, because plaintiff did not do "everything reasonably possible to inform the Postal service" of his desire for 204B training. D.'s Br. at 5.

Plaintiff does not dispute that he did not explicitly request 204B training from Mr. Slager. Plaintiff does contend that Mr. Slager was well aware of plaintiff's desire for 204B training as a result of plaintiff's EEOC filing and communications from plaintiff's union representative.

The Court finds that plaintiff has made out his prima facie case because management was well aware of plaintiff's interest in 204B training. To require plaintiff to submit a formal request for 204B training to Mr. Slager, when Mr. Slager explicitly told the EEO counselor investigating plaintiff's complaint that plaintiff's limitations would not allow him to function effectively as a manager, would be absurd.

The Third Circuit rejected reasoning like defendant's in *Equal Employment Opportunity Comm'n v. Metal Service Co.*, 892 F.2d 341 (3d Cir.1990). In reaching the conclusion that two African–American men had established their prima facie failure-to-hire case, the Third Circuit relied on and discussed at length a Ninth Circuit case, *Lowe v. City of Monrovia*, 775 F.2d 998 (9th Cir.1985). *See Metal Service Co.*, 892 F.2d at 349 n. 9. In *Lowe*, the plaintiff was an African–American female who submitted an application to defendant police department. She was placed on an eligibility list that was effective for only six months. There were no openings during the time that the eligibility list was effective. The defendant argued that it could not have discriminated against someone it never considered for the position. The court held that the fact that she had never been on an active eligibility list went to the weight of her claims, but the fact that she had applied established a prima facie case.

In *Newark Branch National Ass'n for the Advancement of Colored People v. Town of Harrison, NJ*, 907 F.2d 1408 (3rd Cir.1990), the Third Circuit noted that a nonapplicant can make out a prima facie case where he is "deterred by the employer's discriminatory practices from applying for vacant positions" he would have otherwise applied for. *Id.* at 1414, *citing International Broth. Of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). The *Harrison* Court went on to quote from *Teamsters*: "A consistently enforced discriminatory policy can surely deter job applications from those who are aware of it and are unwilling to subject themselves to the humiliation of

explicit and certain rejection." *Teamsters,* 431 U.S. at 365, 97 S.Ct. 1843.

There can be no better assurance of rejection than comments from management that plaintiff's disability precluded him from performing management duties. Plaintiff's failure to reapply is not fatal to his prima facie case.

Defendant last contends that it has offered legitimate nondiscriminatory reasons for denying plaintiff's request for 204B training. It is true that Mr. Slager testified at his deposition that plaintiff did not have the leadership qualities that Mr. Slager considers important in a supervisor. However, this is not sufficient to rebut a prima facie showing of discrimination, where, just moments before, Mr. Slager testified that plaintiff's disability "makes him not qualified to be a manager." Slager dep. at 127: 13–14.

## CONCLUSION

For the reasons detailed above, defendant's motion to reconsider the Court's decision of March 15, 2002, will be denied. An appropriate order is attached.

### *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 22nd day of April, 2002

ORDERED that defendant's motion to reconsider the Court's decision of March 15, 2002 is denied.