# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-2605

_____

Mateo Morales,              *

                             *

        Petitioner-Appellant,     *

                             *    Appeal from the United States

    v.                     *    District Court for the

                             *    District of Minnesota.

United States of America,    *

                             *

        Respondent-Appellee.    *

_____

Submitted:  August 20, 2002
Filed:  September 6, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

A jury found Mateo Morales guilty of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and the district court sentenced him to 360 months imprisonment and 5 years supervised release. We affirmed. See United States v. Anderson, 236 F.3d 427 (8th Cir.) (per curiam), cert. denied, 122 S. Ct. 356 (2001).

Morales then filed in the district court a pro se "Petition for Right of Review Pursuant to Title 5, United States Code, Section 702," arguing that the Controlled

Substances Act of 1970, Pub. L. No. 91-513, 84 Stat. 1242 (1970), exceeded Congress's power under the Commerce Clause of the United States Constitution. He also sought judicial review of the drug statutes, which he contended were administrative regulations that the United States Department of Justice had no authority to enforce.

Acting sua sponte, the district court reclassified Morales's petition as a 28 U.S.C. § 2255 motion. After the United States responded, the court denied the motion, concluding that Congress had acted within its Commerce Clause authority when it enacted the Controlled Substances Act. Morales appeals.

Although the district court correctly concluded that the enactment of the Controlled Substances Act was a valid exercise of congressional power, see United States v. Davis, 288 F.3d 359, 361-62 (8th Cir. 2002), petition for cert. filed, 70 U.S.L.W. 3790 (U.S. June 7, 2002) (No. 01-1804), the court erred in reclassifying Morales's petition as a § 2255 motion and denying it without providing him an opportunity to withdraw it. We hold that before a district court may reclassify a pro se litigant's pleading as a § 2255 motion, it must warn him of the consequences of the reclassification and allow him an opportunity to withdraw his pleading.

I.

After the district court reclassified Morales's petition, but before the court ruled on its merits, he moved to correct the record, arguing that the reclassification was improper under Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). In that case, Adams had filed a postconviction motion to dismiss the indictment, purportedly under Federal Rule of Criminal Procedure 12(b)(2), which the district court reclassified as a § 2255 motion and denied. See id. at 582-83. The Second Circuit reversed. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the court

2

noted, pro se litigants benefitted from having their miscellaneous pleadings converted into § 2255 motions so that they did not have to refile them as such. After AEDPA, however, this practice could deprive a pro se litigant of his opportunity for effective collateral review because what he later intended to be his first § 2255 motion could be dismissed as a second or successive § 2255 motion under AEDPA's gatekeeping provisions. See Adams, 155 F.3d at 583-84. The Second Circuit therefore held that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Id. at 584.

In the instant case, when reclassifying and denying Morales's petition, the district court did not acknowledge the Adams decision or Morales's motion to correct the record. The court neither advised him of the consequences of reclassification nor offered him the opportunity to withdraw his petition. Moreover, the court denied his subsequent motion for reconsideration, in which he sought to withdraw his petition to avoid having a future § 2255 motion dismissed as second or successive.

In light of the AEDPA consequences of reclassifying a pro se litigant's pleading as a § 2255 motion, we conclude that the district court erred by failing to provide Morales a warning and an opportunity to withdraw his petition.

Since Adams was decided, the Third, Fourth, Ninth, Tenth, Eleventh, and D.C. Circuits have adopted either the Adams warning or some variation of it. See United

States v. Palmer, 296 F.3d 1135, 1146 (D.C. Cir. 2002)[1]; O'Ryan Castro v. United States, 290 F.3d 1270, 1274 (11th Cir. 2002)[2]; United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002)[3]; United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000) (adopting the Adams warning verbatim); United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000)[4]; United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999).[5]

---

[1] The district court "may recharacterize a post-conviction motion made under another rule or law as a section 2255 motion only if it first ensures that the movant is fully informed of section 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion."

[2] "[I]n *future* cases where the petitioner is *not* filing a second petition, but rather is asking to *withdraw* his motion or to *include additional claims* after a district court has decided to recharacterize the initial motion as a § 2255 petition, we would agree with a clear majority of the circuits that district courts should warn prisoners of the consequences of recharacterization and provide them with the opportunity to amend or dismiss their filings."

[3] "[I]f a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period."

[4] "When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion."

[5] The district court "should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file

Rather than adopting this prophylactic approach, the First and Seventh Circuits have adopted a remedial approach: when deciding whether a § 2255 motion is second or successive, a prior miscellaneous motion that the district court reclassified as a § 2255 motion will not be counted as a first § 2255 motion unless the litigant was warned about the consequences of reclassification and gave his informed consent. See Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001); Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000).

Only the Fifth Circuit, in a pre-Adams case, has taken neither a prophylactic approach nor a remedial approach. See In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (per curiam) (where a litigant filed a miscellaneous motion raising a claim of the type that had to be raised in a § 2255 motion, and the district court construed it as a § 2255 motion over his objection, his subsequent § 2255 motion was second or successive).

We agree with the majority approach, and we hold as follows. When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion. Because the district court did not provide Morales with this information and an opportunity to choose which course of action to take, this case must be remanded so that Morales may decide whether to consent to reclassification or to withdraw his motion.

---

successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period."

## II.

On appeal, Morales has indicated that he wants to withdraw his petition in order to file a genuine § 2255 motion, and he has requested that the limitations period for filing his motion be tolled from the date he filed his petition until the date we file this opinion. We decline to reach this argument because Morales has adequate time to file a § 2255 motion--a year from the date the United States Supreme Court denied certiorari in his direct criminal appeal, October 9, 2001. See 28 U.S.C. § 2255.

## III.

For the reasons discussed above, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion. We gratefully acknowledge the participation of Morales's court-appointed appellate counsel, and we continue his appointment for the purpose of assisting Morales in filing a timely § 2255 motion in the district court, if Morales desires to do so.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6