**UNITED STATES of America, Appellee,**

v.

**Cesar ALLEN, Defendant–Appellant.**

**Docket No. 02–1072.**

United States Court of Appeals, Second Circuit.

May 14, 2003.

Cesar Allen, Fort Dix, NJ, for Appellant, pro se.

Susan Corkery, Assistant United States Attorney (Roslynn R. Mauskopf, United

States Attorney for the Eastern District of New York, and Linda A. Lacewell, Assistant United States Attorney, on the brief) Brooklyn, New York, for Appellee.

Present: WALKER, Chief Judge, MINER, and LEVAL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Cesar Allen appeals from a district court order dismissing his objections to the district court's denial of his motion for reconsideration of an order that re-characterized his 28 U.S.C. § 1651 motion as a successive § 2255 motion and transferred it to this Court for purposes of obtaining leave to file. In 2001, this Court ruled on Allen's "motion to stay or strike" the district court order that re-characterized and transferred his § 1651 motion. In denying the motion, this Court expressly addressed and found proper the district court's order re-characterizing and transferring Allen's § 1651 motion.

On this appeal Allen argues that, under *Adams v. United States,* 155 F.3d 582 (2d Cir.1998), the district court improperly re-characterized his pleading. We have held that pursuant to the doctrine of the law-of-the-case, the Court will "adhere to its own prior rulings in a given case 'absent "cogent" or "compelling" reasons' to deviate, such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *United States v. Uccio,* 940 F.2d 753, 758 (2d Cir.1991) (quoting *Doe v. New York City Dep't of Social Servs.,* 709 F.2d 782, 789 (2d Cir.1983)); *see also United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.

2002). Allen has not demonstrated any cogent or compelling reason to deviate from our earlier ruling in this case. Specifically, contrary to Allen's argument on appeal, *Adams* has no application to the district court's re-characterization of his motion because Allen has previously filed a § 2255 motion and, therefore, cannot have been prejudiced by the district court's actions. *See Jiminian v. Nash,* 245 F.3d 144, 148 (2d Cir.2001).

Accordingly, the judgment of the district court dismissing the action is hereby AFFIRMED.