■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JIMENEZ, Appellant. [956 NYS2d 29]—

At the first trial, the court correctly declined to "accept" a purported verdict of guilty on two counts of criminal trespass. The court had submitted three counts of second-degree burglary with three corresponding counts of the lesser included offense of second-degree criminal trespass. As to one of these pairs of counts, the jury reached a proper verdict, acquitting defendant of burglary and convicting him of trespass, and the court accepted that verdict. The jury announced that it had not reached unanimous verdicts as to the two other burglary counts. However, on the verdict sheet the guilty boxes for the two corresponding trespass counts contained check marks. The court rejected defendant's request that it take the verdict according to the sheet (which would have amounted to acquittals of the greater burglary charges).

The court did not err in its handling of the situation. In the first place, "[m]arks on verdict sheets are not verdicts" (*Matter of Suarez v Byrne*, 10 NY3d 523, 528 n 3 [2008]). Therefore, with respect to the counts at issue there was nothing before the court but a statement that the jury had not reached a verdict.

In any event, trespass convictions not preceded by corresponding burglary acquittals would have been defective (*see* CPL 310.50) because they would have violated the court's instruction to consider the lesser offenses only if the jury found the defendant not guilty of the corresponding greater offenses (*see People*

*v Boettcher*, 69 NY2d 174, 182-183 [1987]). Furthermore, guilty verdicts on the trespass counts without any verdicts on the burglary counts would have demonstrated the jury's confusion as to the order in which to proceed. Accordingly, the court did not err when it repeated its acquit-first instruction and directed the jury to resume its deliberations on the counts upon which it had not reached a verdict.

There was nothing coercive about this course of action. We note that the jury was still unable to reach a verdict on the counts at issue, resulting in a mistrial on those counts, followed by a retrial where defendant was convicted of one count of burglary and one additional count of trespass.

During jury deliberations at the second trial, the court properly exercised its discretion in refusing to disqualify a juror who had read, and mentioned to some jurors, a portion of a news article that described the case. Following probing and tactful individual inquiries by the court, each juror unequivocally assured the court that he or she could decide the case based solely on the evidence presented in the courtroom and could render a fair and impartial verdict (*see e.g. People v Costello*, 104 AD2d 947 [2d Dept 1984]). The circumstances did not warrant a finding that the juror who read the article was grossly unqualified to serve. Moreover, since it was no longer possible to substitute an alternate, removal of the juror would have necessitated the drastic remedy of a mistrial followed by yet another trial. Concur—Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.