13-4394-pr
*Rivera v. Clinton Correctional Facility*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of January, two thousand fifteen.

PRESENT:     JOSÉ A. CABRANES,
             CHESTER J. STRAUB,
                     *Circuit Judges*,
             LORNA G. SCHOFIELD,[*]
                     *District Judge.*

_____

NILSA RIVERA,

       *Petitioner-Appellant*,
  AND

JAMES JIMENEZ,                                          No. 13-4394-pr

       *Petitioner*,

          v.

CLINTON CORRECTIONAL FACILITY, WARDEN,

       *Respondent-Appellee.*

_____

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER-APPELLANT:**       SEAN O'BRIEN, O'Brien LLP, New York, NY.

**FOR RESPONDENT-APPELLEE:**       ALYSON J. GILL, Assistant Attorney General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-appellant Nilsa Rodriguez appeals from the District Court's October 29, 2013 judgment dismissing her petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, which she filed as "next friend" on behalf of her son, petitioner James Jimenez, who was then an inmate of Clinton Correctional Facility.[1]

Rivera's first claim is that the District Court erred in concluding that she lacked standing to file a habeas petition as Jimenez's "next friend." As the Supreme Court has stated:

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas,* 495 U.S. 149, 163–64 (1990) (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Upon our review of the record, we conclude that the District Court properly determined that Rivera failed to demonstrate that Jimenez was unable to litigate his own cause due to mental incapacity. Although Rivera asserts that Jimenez's various disabilities rendered him incapable of

---

[1] Upon his conviction in New York State Supreme Court, New York County, of one count of Burglary in the Second Degree and two counts of Criminal Trespass, Jimenez was principally sentenced to four years in prison, to be followed by five years of post-release supervision. The Appellate Division, First Department, affirmed Jimenez's conviction, *see People v. Jimenez*, 101 A.D.3d 513 (1st Dep't 2012), and the New York Court of Appeals denied him leave to appeal, *see* 20 N.Y.3d 1100 (2013). After the District Court denied Rivera's habeas petition, Jimenez was released from prison. He is currently under post-release supervision.

advocating on his own behalf, the District Court chose to rely upon the most current mental health information available—in this case, a letter from J. Waldron, Chief of the Mental Health Unit at Clinton Correctional Facility—which explained that Jimenez's therapy had stabilized his mental health issues and that he was no longer using psychiatric medications. This evidence supports the District Court's conclusion that Jimenez was capable of litigating his own case and that Rivera therefore lacked "next friend" standing under the first prong of the *Whitmore* test. Because Rivera failed to satisfy her burden to justify her "next friend" status, the District Court lacked jurisdiction to consider her petition.

Rivera's second claim is that the District Court was required to inform Jimenez that he could file his own habeas petition, and that Jimenez should therefore be permitted to file an untimely petition now. We also reject this claim. The District Court's dismissal of Rivera's "next friend" petition did not preclude Jimenez from filing his own habeas petition. Moreover, at the time of the District Court's dismissal, Jimenez had almost eight months remaining of the one-year statute of limitations in which to file.[2] The fact that Jimenez failed to do so within these eight months is not the fault of the District Court, which was under no obligation to explain to Jimenez the litigation options he had going forward. Rivera relies on cases where district courts *chose* to inform *pro se* litigants of their right to file their own habeas petitions, but there is no legal basis for concluding that district courts are generally *required* to do so.[3] In any case, Rivera has provided no evidence to indicate that Jimenez even relied on the District Court's order when he decided not to file his own petition. Accordingly, there is no legal basis for allowing Jimenez to file an untimely petition now.

Finally, this is not the rare and exceptional case that warrants equitable tolling of the statute of limitations to allow Jimenez now to file a *pro se habeas* petition, as petitioner requests. As the Supreme Court has stated, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). There has been no such showing here.

---

[2] A federal habeas petition must be filed within one year of the date on which petitioner's state court conviction becomes final. *See* 28 U.S.C. § 2244(d)(1). A petitioner's conviction becomes final when the time to seek direct review in the U.S. Supreme Court by writ of certiorari expires. *See Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001). Here, Jimenez's conviction became final ninety days after the Court of Appeals denied his leave to appeal—*i.e.*, on June 19, 2013. The District Court dismissed Rivera's habeas petition on October 29, 2013. Therefore, Jimenez had almost eight months—from October 29, 2013 to June 19, 2014—to re-file his own habeas petition.

[3] Rivera cites to *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998) for the proposition that district courts should be required to "notify the petitioner of his right to pursue his petition in a different procedural fashion." However, this case is distinguishable. *Adams* concerned the once-commonplace practice by district courts of converting non-habeas actions into habeas petitions. After Congress imposed strict restrictions on successive petitions, we cautioned district courts that—before converting non-habeas actions—they should warn petitioners of the impact such conversion might have on their ability to file future habeas petitions. By contrast, as Rivera herself concedes, the District Court's dismissal here did not impose *any* procedural bar on Jimenez's rights. Moreover, *Adams* certainly cannot be read so broadly as to require district courts to inform prisoners whose "next friend" petitions are dismissed that they are permitted to file their own habeas petitions.

3

## CONCLUSION

We have considered all of the arguments raised by Rivera on appeal and find them to be without merit.  For the reasons stated above, the October 29, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court