NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 4, 2008*
Decided January 7, 2009

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

**No**. 07-3612

RICHARD C. WURZINGER,
    *Petitioner-Appellant*,

**v.**

UNITED STATES OF AMERICA,
    *Respondent-Appellee*.

Appeal from the United
States District Court for the
Western District of Wisconsin.

No. 07 C 466
John C. Shabaz, *Judge*.

## Order

Richard Wurzinger pleaded guilty to drug crimes and was sentenced to 262 months in prison. After we affirmed that sentence, 467 F.3d 689 (7th Cir. 2006), and the Supreme Court denied his petition for certiorari, Wurzinger filed in the district court a document that he labeled a "motion to compel compliance" with the plea agreement by

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

reducing the sentence on account of assistance that Wurzinger contends he has provided to the prosecutor. The district court deemed this document a motion under 28 U.S.C. §2255 and denied it.

The "motion to compel" was properly treated as one under §2255, because the relief Wurzinger sought (and still seeks)--either a lower sentence or an opportunity to plead over--is available only under §2255. It is the relief a prisoner seeks, not the caption on the motion, that determines whether it comes under §2255. See, e.g., *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004). The Supreme Court said much the same thing in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), when concluding that a motion nominally resting on Fed. R. Civ. P. 60(b) must be treated as one under §2255 if it seeks release from prison or a shorter sentence.

Although Fed. R. Crim. P. 35(b) allows a district judge to reduce a sentence on a motion by the prosecutor, there is no corresponding provision for a reduction on a defendant's motion. A defendant aggrieved by the prosecutor's decision not to make a Rule 35(b) motion must proceed under §2255; no other statute or rule authorizes relief.

Wurzinger contends that his motion is not covered by §2255 because the district court did not deliver the notice required by *Castro v. United States*, 540 U.S. 375 (2003). This line of argument does help him; if the motion is not under §2255 then it must be denied summarily, because only §2255 authorizes post-conviction relief such as a lower sentence or an opportunity to vacate one's plea. But the proposition is wrong. It is based on a confusion between what a motion "really is" and what legal consequences a given motion has for later motions.

The question in *Castro* was whether a motion counts as an initial collateral attack for the purpose of the rules about second or successive petitions. The Court held that, if a motion is miscaptioned in the district court,

> the lower courts' recharacterization powers are limited in the following way: The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶8.

540 U.S. at 383. The district court did not meet this standard, because the judge did not warn Wurzinger about the limitations on second or successive motions and did not (expressly) invite him to add any other claims he wanted to present under §2255. But all this means, according to *Castro*, is that "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or

successive' restrictions." It does not mean that the motion is altogether outside §2255. Whether relief can be granted is subject to §2255's criteria (other than those addressed to second or successive motions). We made the same point in *Melton* and several other decisions, including *United States v. Lloyd*, 398 F.3d 978 (7th Cir. 2005), and *Wilson v. United States*, 413 F.3d 685 (7th Cir. 2005).

Because his motion is covered by §2255, Wurzinger needs a certificate of appealability to proceed with this appeal. He is not entitled to one because he lacks a "substantial" constitutional question. The plea agreement provides that the prosecutor has unfettered discretion whether to file a Rule 35 motion. A prisoner could obtain relief by showing that the prosecutor acted for an unconstitutional reason, see *Wade v. United States*, 504 U.S. 181 (1992), but Wurzinger has not made a prima facie case of unconstitutionality. He has not even tried. He wants to compel the prosecutor to supply a persuasive justification. A prosecutor does not bear this burden; indeed, we held in *In re United States*, 503 F.3d 638 (7th Cir. 2007), that the district courts are forbidden to require prosecutors to explain their reasons for not filing Rule 35 motions unless the defendant first makes a prima facie case of unconstitutional action.

The appeal is dismissed.