[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13084
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:04-cr-00434-RAL-TBM-2


HAROLD WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____


Appeal from the United States District Court
for the Middle District of Florida
_____

(March 21, 2012)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.


PER CURIAM:

Harold Williams appeals the district court's denial of his pro se post-conviction motion, which the district court construed as a time-barred 28 U.S.C. § 2255 motion to vacate. The district court issued a certificate of appealability ("COA") on whether it failed to provide Williams with the notice and warning mandated by Castro v. United States, 124 S.Ct. 786 (2003). No reversible error has been shown; we affirm.

Under Castro, a district court cannot recharacterize a pro se litigant's motion as an initial section 2255 motion without first (1) notifying the litigant that it intends to recharacterize the motion; (2) warning the litigant that this recharacterization means that later section 2255 motions would be subject to the restrictions on second or successive section 2255 motions; and (3) giving the litigant the opportunity to withdraw the motion or to amend it to include all of the litigant's claims. Castro, 124 S.Ct. at 792. "If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." Id. The requirements of Castro apply even when the district court denies a recharacterized section 2255 motion as untimely. Gooden v. United States, 627 F.3d 846, 849 (11th Cir. 2010).

That the district court failed to give Williams the notice and warning required by Castro is undisputed. Williams's remedy for this error is that -- should

2

he file a later section 2255 motion -- it cannot be barred as second or successive

based on the instant recharacterized motion.  See Castro, 124 S.Ct. at 792.  But

because no other remedy, including remand, is available to address the district

court's error, we affirm.[*]

AFFIRMED.

---

[*]Our review is limited to those issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  Thus, we will not consider Williams's arguments about the substantive merits of his post-conviction motion.